**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 96-30878

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO PERDOMO RODRIGUEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Eastern District of Louisiana

_____

May 20, 1997

Before POLITZ, Chief Judge, DeMOSS, Circuit Judge, and JUSTICE,[*] District Judge.

POLITZ, Chief Judge:

Gustavo Perdomo Rodriguez challenges the district court's authority to resentence him after his convictions under 18 U.S.C. § 924(c)(1) were vacated. Concluding that the district court had the authority under 28 U.S.C. § 2255 to resentence Rodriguez and that it did not violate the double jeopardy clause by doing so, we affirm.

_____

[*]District Judges of the Eastern District of Texas, sitting by designation.

## BACKGROUND

In 1990, Rodriguez pled guilty to conspiracy to distribute and possession with intent to distribute two kilograms of cocaine.[1] In addition, a jury convicted Rodriguez of using a machine gun, a shotgun, and a revolver during the commission of the offenses.[2] The district court sentenced Rodriguez to imprisonment for 115 months for the two drug offenses, 30 years for the use of the machine gun and 5 years for the use of the shotgun and revolver.

After the Supreme Court decided *Bailey v. United States,*[3] Rodriguez filed a section 2255 petition seeking the vacating of his convictions on the two firearm offenses. The district court agreed but, at the urging of the government, resentenced Rodriguez on the two drug offenses, applying the two-level enhancement provided for in section 2D1.1(b)(1) of the Sentencing Guidelines.[4] As a result, the sentence imposed for the drug offenses increased from 115 to 137 months imprisonment. Rodriguez timely appealed.

## ANALYSIS

Rodriguez's section 2255 petition urging the *Bailey* holding necessarily

---

[1] 21 U.S.C. § 846 and 841.

[2] 18 U.S.C. § 924(c)(1).

[3] 116 S.Ct. 501 (1995).

[4] Section 2D1.1(b)(1) provides that "[i]f a dangerous weapon (including a firearm) was possessed [during the commission of a drug offense], increase [the defendant's base offense level] by 2 levels."

challenged only his convictions under section 924(c)(1). There was no attack on his convictions under sections 846 and 841. Rodriguez contends that the district court had only the power to alter the sentences imposed under the section 924(c)(1) convictions. We are not persuaded.

Section 924(c)(1) and sections 846 and 841 share a commonality; all provide punishment for the same conduct -- the use of a firearm during a drug offense.[5] Limitations, however, apply to the imposition of that punishment. When a conviction results in a section 924(c)(1) charge as well as a charge under either or both sections 846 and 841, the imposition of the mandatory, consecutive sentence under section 924(c)(1) trumps consideration of that conduct in the computation of the sentence for the other conviction(s). Rodriguez was convicted of two section 924(c)(1) firearm offenses and two drug offenses under sections 846 and 841. The existence of the firearms was considered only in the firearm count sentences. Rodriguez challenged those convictions in his section 2255 petition.

Reviewing the section 2255 challenge in light of *Bailey* the district court correctly concluded that the two convictions for 924(c)(1) violations were invalid. The sentences imposed thereunder were vacated as not authorized by law. The court then proceeded to correct the sentences imposed, as authorized and directed

---

[5]Section 924(c)(1) requires a consecutive term of imprisonment upon conviction, while sections 846 and 841 require a two-level sentence enhancement upon conviction. The consecutive term of imprisonment and the two-level sentence enhancement cannot, however, be imposed simultaneously. *See* Sentencing Guidelines § 2K2.4 Application Note 2 ("Where a sentence under [section 924(c)(1)] is imposed in conjunction with a sentence for an underlying offense, any specific offense characteristic for the...use...of...[a] firearm...is not to be applied in respect to the guideline for the underlying offense.").

by section 2255 which provides:

> If the court finds that...the sentence imposed was not authorized by law...the court shall...correct the sentence as may appear appropriate.

In resentencing, the trial court did not err by considering the firearms in its guidelines computation of the sentencing range.[6]

Rodriguez maintains that consideration of the firearms in resentencing constitutes a violation of the double jeopardy clause. We do not agree. That constitutional guarantee does not proscribe the resentencing of a defendant. Rather, as the Supreme Court taught in *United States v. DiFrancesco*, it prohibits resentencing only if a defendant has developed a legitimate "expectation of finality in [his] original sentence."[7] Rodriguez did not have such an expectation for he challenged two of his four interrelated convictions, placing the validity of his entire sentence at issue. As we held in *United States v. Colunga*,[8] citing *DiFrancesco* and

---

[6]Our colleagues in five other circuits have likewise held that the language of section 2255 vests district courts with the power to resentence defendants who successfully challenge section 924(c)(1) convictions. *See United States v. Rodriguez*, 1997 WL 203301, ___ F.3d ___ (1st Cir. 1997); *United States v. Davis*, 1997 WL 195397, ___ F.3d ___ (3d Cir. 1997); *United States v. Hillary*, 106 F.3d 1170 (4th Cir. 1997); *United States v. Smith*, 103 F.3d 531 (7th Cir. 1996); and *United States v. Harrison,* 1997 WL 232266, ___ F.3d ___ (8th Cir. 1997).

[7]101 S.Ct. 426, 438 (1980) ("Although it might be argued that the defendant perceives the length of his sentence as finally determined when he begins to serve it, and that the trial judge should be prohibited from thereafter increasing the sentence, that argument has no force where...there can be no expectation of finality in the original sentence.").

[8]812 F.2d 196, 198 (5th Cir.), *cert. denied*, 108 S.Ct. 165 (1987). *See also United States v. Greenwood,* 974 F.2d 1449 (5th Cir. 1992), *cert. denied* 113 S.Ct. 2354 (1993); *United States v. Crawford*, 769 F.2d 253 (5th Cir. 1985), *cert. denied* 106 S.Ct. 887 (1986).

*North Carolina v. Pearce*,[9] the defendant "had no reasonable expectation of finality in the original sentence imposed on either count, since he had himself sought to nullify the sentencing plan by overturning one of [his] two convictions."  We therefore conclude and hold that the double jeopardy clause was not implicated in the resentencing of Rodriguez.[10]

The judgment appealed is AFFIRMED.

---

[9]395 U.S. 711 (1969).

[10]In urging that his resentencing violated the double jeopardy clause Rodriguez relies on *Chandler v. United States*, 468 F.2d 834 (5th Cir. 1972).  In *Chandler* we held that the resentencing of a defendant on an unchallenged conviction violated the double jeopardy clause.  *Chandler* was decided before the Supreme Court announced the "expectation of finality" test in *DiFrancesco.*  We must, therefore, view *Chandler* and its progeny, *United States v. Naas*, 755 F.2d 1133 (5th Cir. 1985) and *United States v. Larson*, 625 F.2d 67 (5th Cir. 1980), through the prism of the holding in *DiFrancesco* and follow that teaching and our decisions based thereon.