IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-10539

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL RAMIREZ HERNANDEZ,

Defendant-Appellant.
_____

Appeal from the United States District Court for the
Northern District of Texas
_____

June 18, 1997

Before REAVLEY, JOLLY, and BENAVIDES, Circuit Judges.

PER CURIAM:

Miguel Ramirez Hernandez appeals from his resentence by the
district court after vacatur of the count of his convictions for
using and carrying a firearm in connection with a drug transaction.
Hernandez argues that the district court had no authority, after
vacating the invalid part of his sentence, to increase the
remaining valid portion of the sentence.

I

Hernandez was found guilty of conspiracy to distribute and to
possess with the intent to distribute cocaine, possession with the
intent to distribute cocaine, aiding and abetting the distribution
of cocaine, and using and carrying a firearm during and in relation
to the possession offense.  The district court sentenced Hernandez

to 78 months imprisonment on each drug count, to run concurrently, and to 60 months imprisonment on the firearms count, to run consecutively to the drug sentences. This court affirmed the convictions and the sentences. United States v. Mendez, No. 94-10108 (5th Cir. Mar. 29, 1995) (unpublished).

Hernandez later filed a petition under 28 U.S.C. § 2255 to correct and reform the judgment of convictions. He contended that his conviction for use of a gun in relation to a drug offense under 18 U.S.C. § 924(c)(1) was invalid under the Supreme Court's recent decision of Bailey v. United States, 116 S.Ct. 501 (1995). The government conceded that under Bailey the evidence was insufficient to support the conviction under § 924(c). The conviction was therefore vacated and Hernandez was scheduled for resentencing.

On resentence, the government argued that the district court should consider the applicability of Sentencing Guideline § 2D1.1(b)(1)--the subsection that in drug offenses imposes a two-level increase in the offense level if the defendant possessed a firearm or other dangerous weapon. The supplemental pre-sentence report ("PSR") also recommended consideration of this factor and proposed the corresponding two-level increase. Hernandez objected, asserting that the district court had no authority to increase the sentence for the counts of conviction that had not been challenged by the postconviction motion. Hernandez argued that the district court could only eliminate the invalid five-year sentence and leave the remainder of the original sentence intact.

2

At resentencing, Hernandez further argued that the court would violate the Double Jeopardy Clause by increasing the sentences on the drug convictions. The district court overruled Hernandez's objections.

The applicable guideline range, with the inclusion of the two-level increase, for the drug offenses was from 97 to 121 months imprisonment. The district court sentenced Hernandez to 97-month terms of imprisonment on each of the three counts, to be served concurrently. Hernandez appeals, asserting that the district court lacked the authority to increase the unchallenged drug offense sentences and that the sentence violates the Double Jeopardy Clause.

II

A

The Sentencing Guidelines require that a defendant's criminal offense level be increased by two levels if he possessed a dangerous weapon (including a firearm) during the commission of a drug offense. See U.S.S.G. § 2D1.1(b)(1).[1] This increase, however, is not to be applied when a defendant is also sentenced under § 924(c) for using or carrying the same firearm in connection with the drug offense. See United States v. Washington, 44 F.3d

_____

[1]Although § 2D1.1(b)(1) is not explicitly phrased in mandatory terms, the commentary to this section supports mandatory imposition of the increase, noting that "[t]he adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1(b)(1), comment n.3 (emphasis added).

1271, 1280 (5th Cir. 1995). The question before us is whether the district court, on resentence after vacatur of the § 924(c) conviction, may impose the two-level increase provided for in § 2D1.1(b)(1).

We recently addressed this same question in United States v. Rodriquez, No. 96-30878, slip op. 3384 (5th Cir. May 20, 1997). Under Rodriquez, a district court may properly consider the imposition of the two-level increase under § 2D1.1(b)(1) on resentence after vacatur of a § 924(c) conviction because of Bailey. Id.

The facts in Rodriquez are essentially identical to the facts before us today. Rodriguez pled guilty to two drug offenses and was convicted of two firearm counts under § 924(c). After Bailey, Rodriguez petitioned for relief from his firearm convictions. The district court granted the relief, but on resentence imposed the two-level increase under § 2D1.1(b)(1) that had not been applied at the original sentencing phase because of the § 924(c) convictions.

The Rodriquez panel noted that the conduct punished by both § 924(c) and § 2D1.1(b)(1) was the use of a firearm during a drug offense. Id. at 3385. The panel further noted that under the sentencing guidelines the conduct could not be punished under both sections and concluded that, after the sentences under § 924(c) were vacated, the district court on resentence properly considered the increased offense level under § 2D1.1(b)(1). Id. at 3385-86.

4

The Rodriquez Court also determined that the application of § 2D1.1(b)(1) on resentence does not violate the Double Jeopardy Clause because of the defendant's lack of "a legitimate 'expectation of finality in [his] original sentence.'" Id. at 3386 (quoting United States v. DiFrancesco, 101 S.Ct. 426, 438 (1980)).

We therefore hold that, in the light of the decision in Rodriquez, the district court did not err by increasing Hernandez's sentences on the drug counts after vacatur of his conviction under § 924(c).

B

We add only that our holding today is not in conflict with this court's en banc decision in United States v. Henry. 709 F.2d 298 (1983). A careful reading of Henry reveals that the opinion for the majority carried the majority only because of two special concurrences filed in the case.[2] Both special concurrences noted that the sentences involved in Henry were separable and did not present a case of "intertwined illegality." Id. at 317 (Reavley, J., specially concurring), 318 (Jolly, J., specially concurring).

This case presents just such a case of intertwined illegality in sentencing: The sentences on each respective count are interdependent. As we have noted earlier, the two-level increase in his criminal offense level legally could not have been imposed

---

[2]The Henry decision consisted of seven judges voting to vacate and remand, with two of those seven specially concurring, and six judges dissenting.

5

on Hernandez at his initial sentencing because of his conviction under § 924(c) for using or carrying the same firearm. On the other hand, once the § 924(c) conviction is set aside, the failure to add the two-level increase results in a sentence that is not correctly calculated, notwithstanding the specific requirement of the guideline. Therefore, without the instant modification of the sentence, the sentence after vacatur of the § 924(c) conviction would have been contrary to law.

This interrelationship between the convictions and the sentences--created by the guidelines' requirement that the criminal offense level be increased by two in the absence of a § 924(c) conviction--is exactly the type situation contemplated as an exception to the majority holding in <u>Henry</u>; therefore, there is no conflict between our holding and the <u>Henry</u> majority. In short, <u>Henry</u> does not control our decision today.

III

The decision of <u>United States v. Rodriquez</u> decides the issues presented by this appeal. We are bound by the case law of our circuit and therefore the sentence imposed by the district court is

A F F I R M E D.

ENDRECORD

REAVLEY, Circuit Judge, dissenting.

This holding is contrary to <u>United States v. Henry</u>, 709 F.2d 298 (5th Cir. 1983) as elaborated in <u>United State v. Cataldo</u>, 832 F.2d 869, 873 (5th Cir. 1987). This is not a case where both sentences make the sentencing scheme illegal. There is one, and only one, illegal sentence. It is the sentence under 18 U.S.C. § 924(c). That is the only sentence attacked by Hernandez, and the court could do no more than vacate it.