**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 97-10308
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee

versus

JAMES ROBERT BENBROOK, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Northern District of Texas

_____

July 31, 1997

Before KING, DUHÉ, and WIENER, Circuit Judges.

WIENER, Circuit Judge:

Plaintiff-Appellant James Robert Benbrook, Jr. appeals his resentencing by the district court following a successful challenge to his 18 U.S.C. §924(c) conviction. Finding no error, we affirm.

**I.**

**FACTS AND PROCEEDINGS**

A jury convicted Benbrook of unlawful possession of phenylacetic acid, in violation of 18 U.S.C. §841(d)(2), and using a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §924(c).[1] The district court sentenced him to consecutive terms of imprisonment — forty-six months for the

---

[1]During trial, the district court granted Benbrook's motion for judgment of acquittal on the "carry" prong of §924(c).

drug conviction and sixty months for the firearm conviction, followed by a three-year period of supervised release, and payment of a mandatory special assessment of $100. We affirmed.[2]

After the United States Supreme Court decided <u>Bailey v. United States</u>,[3] Benbrook filed a habeas corpus petition, pursuant to 28 U.S.C. §2255, asserting that the evidence was insufficient to support his "use" conviction under §924(c). The government conceded that this relief should be granted, but urged the district court to resentence Benbrook on the underlying drug conviction by applying a two-level enhancement to his offense level, pursuant to United States Sentencing Guideline (U.S.S.G.) §2D1.1(b)(1), for possession of a dangerous weapon. The district court did just that, vacating Benbrook's §924(c) conviction and resentencing him to fifty-seven months of imprisonment on the drug count, followed by a three-year period of supervised release, and payment of a mandatory special assessment of $50.

Benbrook appealed, asserting that the district court had no jurisdiction to resentence him on the unchallenged, underlying drug conviction. He contends that the resentencing violated the Double Jeopardy Clause.

## II.

### ANALYSIS

18 U.S.C. §924(c) and Sentencing Guideline §2D1.1(b)(1) punish the same conduct — the use of a firearm during the commission of

---

[2]<u>United States v. Benbrook</u>, 40 F.3d 88 (5th Cir. 1994).

[3] -- U.S. --, 116 S. Ct. 501 (1995).

a drug offense.  As indicated by their interdependent sentences, §924(c)'s firearm offense and the underlying drug offense of §841(d)(2) are inextricably intertwined: Section 924(c) requires the imposition of a five year sentence to be served consecutively to any other term of imprisonment associated with an underlying drug conviction.  In like manner, §2D1.1(b)(1) of the Guidelines requires a two-level increase to a defendant's base offense level for the possession of a dangerous weapon, including a firearm, during the commission of a drug offense such as that proscribed by §841(d)(2).

When a defendant is sentenced under §924(c), however, the sentencing guidelines expressly prohibit application of the §2D1.1(b)(1) two-level increase, as the level enhancement under those circumstances would result in an impermissible double counting of the firearm offense —— once under §924(c) and again under §2D1.1(b)(1).[4]  Consequently, at the time of the original sentencing under §924(c), the two-level enhancement of §2D1.1(b)(1) is not available.

Benbrook argues that the district court had no jurisdiction to resentence him on his unchallenged, underlying drug conviction or to apply the two-level enhancement.  Thus Benbrook would handcuff the district court by restricting resentencing to that complained of in his petition and prohibiting reconsideration of the entire sentence.  We disagree.

We have recently held that §2255 vests the district court with

---

[4]See U.S.S.G. §2K2.4 Commentary Background (1995).

the power to resentence a defendant who successfully challenges his §924(c) conviction only and that the district court may consider imposition of the two-level enhancement of §2D1.1(b)(1) in resentencing that defendant.[5]  We therefore hold that the district court lawfully applied the two-level enhancement in resentencing Benbrook on his unchallenged, underlying drug conviction. Benbrook's new sentence turns in part on the now vacated §924(c) conviction, which freed the district court's hands, where they were tied before, to increase the offense level of Benbrook's drug conviction for the firearm offense pursuant to § 2D1.1(b)(1).

Neither does the district court's resentencing violate the Double Jeopardy Clause.[6]  That constitutional protection prohibits resentencing only when a defendant has developed a legitimate expectation of finality in his original sentence.[7]  When a defendant challenges one of interdependent convictions, however, he has no expectation of finality in his original sentence, having put at issue the validity of the entire sentence.[8]  In seeking relief from his §924(c) conviction and the consecutive sixty months portion of his sentence attributable to that conviction, Benbrook

---

[5]United States v. Rodriquez, 114 F.3d 46, 47-8 (5th Cir. 1997);  United States v. Hernandez, 1997 WL 332519 at *2 (5th Cir. June 18, 1997).

[6]Rodriquez, 114 F.3d at 48; Hernandez, 1997 WL 332519 at *2.

[7]See United States v. DiFrancesco, 449 U.S. 117, 139, 101 S. Ct. 426, 438 (1980).

[8]See Rodriquez, 114 F.3d at 48 (quoting United States v. Colunga, 812 F.2d 196, 198 (5th Cir.), cert. denied, 484 U.S. 857, 108 S. Ct. 165 (1987)); Hernandez, 1997 WL 332519 at *2.

**4**

opened the door for the district court to revisit the entire sentence — not just to vacate that conviction but also to resentence him on the unchallenged, underlying drug conviction.

Benbrook insists that he had a legitimate expectation of finality in his drug sentence, as he had completed the term of imprisonment originally allocated to that offense. Benbrook's argument, however, rests on the erroneous assumption that he received separate and distinct sentences for his drug and firearm convictions. To the contrary, he received one aggregate sentence for those interdependent offenses. When Benbrook attacked part of that aggregate sentence — his §924(c) conviction, he necessarily attacked the whole. Thus, he could have had no legitimate expectation of finality in any portion of the original aggregate sentence.[9] Moreover, assuming that Benbrook has served the term of

_____

[9]See United States v. Rico, 902 F.2d 1065, 1068 (2d Cir. 1990)(defendant had not completed service of full sentence, as she still faced five-year term of supervised release; therefore, district court could correct sentence to conform to plea agreement without violating the Double Jeopardy Clause); Woodhouse v. United States, 934 F. Supp. 1008, 1014 (C.D. Ill. 1996)(defendant who challenges his §924(c) conviction has no legitimate expectation of finality in any portion of original aggregate sentence, even if he has already served the term of imprisonment allocated to the underlying drug conviction); Merritt v. United States, 930 F. Supp. 1109, 1114 (E.D.N.C. 1996)(after overturning §924(c) conviction, district court could resentence defendant who had served term of imprisonment allocated to drug conviction, as original sentence was an aggregate one, service of which had not been completed); and United States v. Acosta, 1996 WL 445351 at *4 (E.D. Pa. Aug. 5, 1996)(unpublished opinion)(sentence not fully served where defendant had not completed term of imprisonment imposed for interdependent convictions or four-year term of supervised release). But see United States v. Daddino, 5 F.3d 262, 265 (7th Cir. 1993)(defendant, who was convicted of conspiracy and attempted extortion and who had served term of imprisonment and paid fines, but had not completed period of supervised release, had a legitimate expectation of finality in the completed part of the

5

imprisonment originally allocated to his drug conviction, he has not completed, much less begun, the mandatory three-year period of supervised release.[10]

**III.**

**CONCLUSION**

For the foregoing reasons, we hold that the district court did not err generally in resentencing Benbrook on his unchallenged, underlying drug conviction, nor specifically in applying the two-level enhancement of §2D1.1(b)(1). It follows that the district court's resentencing of Benbrook should be and therefore is AFFIRMED.

---

sentence); <u>Warner v. United States</u>, 926 F. Supp. 1387, 1392 (E.D. Ark. 1996)(defendant enjoys legitimate expectation of finality in completed term of lawful incarceration for underlying drug conviction; thus, district court's resentencing following defendant's successful challenge to his §924(c) conviction would violate Double Jeopardy and Due Process Clauses; no mention of supervised release); and <u>United States v. Pecina</u>, 952 F. Supp. 409, 412 n.2 (N.D. Tex. 1996)(court need not address the situation in which sentence on underlying drug convictions has been completed prior to vacation of §924(c) conviction, "a situation in which the constitutionality of resentencing would be far more questionable").

[10]A period of supervised release is part of the defendant's sentence. <u>See</u> 18 U.S.C. §3583(a)(1994)("The court, in imposing a sentence to a term of imprisonment ..., may include as part of the sentence a requirement ... of supervised release.") and U.S.S.G. §5D1.1(a)(1995)("The court shall order a term of supervised release to follow imprisonment when a sentence of imprisonment of more than one year is imposed, or when required by statute.").