IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30083
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDO L. CUSHENBERRY,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 93-CR-315-C-6
- - - - - - - - - -
October 21, 1997
Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:*

Orlando Cushenberry, federal prisoner # 23413-034, appeals
the district court's resentencing on his remaining drug-
trafficking count of conviction after vacating his firearms
conviction pursuant to 18 U.S.C. § 924(c)(1). He seeks leave to
file his reply brief out of time and in its present form. That
motion is GRANTED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
47.5.4.

Cushenberry contends that the Federal Government lacked jurisdiction to prosecute his intrastate drug crime and that the district court's failure to grant an evidentiary hearing on this issue violated his due process rights.  Congress acted well within its commerce power in passing drug-trafficking laws. United States v. Owens, 996 F.2d 59, 61 (5th Cir. 1993).  Thus, there was a proper federal basis for Cushenberry's prosecution.

Cushenberry also contends that the district court had no authority to increase his sentence under U.S.S.G. § 2D1.1(b)(1) on the drug conviction following vacatur of the § 924(c)(1) count.  This court, however, "recently held that [28 U.S.C.] § 2255 vests the district court with the power to resentence a defendant who successfully challenges his § 924(c) conviction only and that the district court may consider imposition of the two-level enhancement of § 2D1.1(b)(1) in resentencing that defendant."  United States v. Benbrook, 119 F.3d 338, 339-40 (5th Cir. 1997).

AFFIRMED.