IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50832
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

JAMES STEPHEN JONES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-91-CR-55-1
--------------------
June 26, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

James Stephen Jones, federal prisoner # 56081-080, appeals the district court's judgment in which the district court vacated his 18 U.S.C. § 924(c) conviction pursuant to Bailey v. United States, 516 U.S. 137 (1995), and resentenced him on the remaining three convictions. Jones argues that Judge Walter Smith erred in not sua sponte recusing himself because Jones had filed a separate civil action against him. Because Judge Smith would be entitled to absolute immunity from liability in Jones' civil action, see Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994), a reasonable person

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would not have doubts about Judge Smith's impartiality based on Jones' civil action against him. See Levitt v. University of Texas at El Paso, 847 F.2d 221, 226 (5th Cir. 1988).

Jones argues that his counsel was ineffective in that she had an actual conflict, she failed to file a notice of appeal, failed to order transcripts, failed to provide an transcript order form to Jones, and failed to file a motion for recusal of Judge Smith. Because the record was not adequately developed in the district court, we decline to review all but one of Jones' claims that his counsel was ineffective at this time without prejudice to Jones' right to raise these claims in a future 28 U.S.C. § 2255 motion. See United States v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995).

The record is, however, sufficiently developed to review Jones' claim that his counsel was ineffective for failing to file an appeal. Jones timely filed a pro se notice of appeal of the district court's judgment on remand. Thus, he has not shown that he was prejudiced by his counsel's failure to file a notice of appeal. See Goodwin v. Johnson, 132 F.3d 162, 170 (5th Cir. 1997).

Jones argues that the district court should have allowed him to withdraw his guilty plea because the plea agreement was defunct after his § 924(c) conviction was vacated. Jones' case is distinguishable from United States v. Moulder, 141 F.3d 568 (5th Cir. 1998). In Moulder, the defendants pleaded guilty to using and carrying a firearm during a drug-trafficking offense pursuant to plea agreement in which the Government agreed to drop a related drug charge. Id. at 570. The firearm offenses were subsequently vacated pursuant to Bailey; the defendants subsequently were

indicted and pleaded guilty to the drug offense.  Id.  The court held that the second conviction did not violate the Double Jeopardy Clause.  Id. at 571-72.  Jones originally pleaded guilty to four offenses; Jones' § 924(c) conviction was subsequently vacated. Jones' plea agreement did not become defunct merely because his Jones' § 924(c) conviction was vacated.  Moulder is inapplicable to the instant case.

For the first time on appeal, Jones argues that the district court did not inform him that he would waive his right to a jury trial by pleading guilty.  Because Jones did not raise this argument in the district court at the evidentiary hearing on remand, review is limited to plain error.  Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights.  United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc) (citing United States v. Olano, 507 U.S. 725, 730-36 (1993)).  If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.  Olano, 507 U.S. at 736. Jones' argument is frivolous.  Jones was advised of his right to a jury trial at the rearraignment hearing, along with other constitutional rights, and he waived that right by entering a guilty plea.

Jones argues for the first time on appeal that he was coerced into pleading guilty because he was told that, if he did not, his wife would be prosecuted and would go to prison for 12 to 15 years. Because Jones did not raise this issue in the district court, review is limited to plain error. See Calverley, 37 F.3d at 162-64. The record of the rearraignment hearing indicates that Jones' guilty plea was knowing and voluntary. Jones expressly stated that he was pleading guilty freely and voluntarily. He also stated that no one had threatened, forced, or coerced him into pleading guilty. Id. Jones' "[s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Jones has not shown plain error concerning the voluntariness of his guilty plea.

Jones argues that the district court erred in enhancing his sentence for possession of a firearm pursuant to § 2D1.1(b)(1) of the United States Sentencing Guidelines. Section 2255 provides authority for the district court to resentence a defendant and apply the enhancement under § 2D1.1(b)(1) when the defendant's § 924(c) conviction is vacated. See United States v. Benbrook, 119 F.3d 338, 339-40 (5th Cir. 1997); United States v. Hernandez, 116 F.3d 725, 727-28 (5th Cir. 1997). In view of the evidence presented at the evidentiary hearing held by the district court on remand, Jones has not shown that the district court's factual finding that he possessed firearms in connection with his drug

offense was clearly erroneous.  See <u>United States v. Eastland</u>, 989 F.2d 760, 770 (5th Cir. 1993); <u>United States v. Devine</u>, 934 F.2d 1325, 1339 (5th Cir. 1991).

AFFIRMED.