**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 17, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-50324
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LOUIS ZENO LAWRENCE, also known as Lewis Zeno Lawrence

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-01-CV-407-SS
USDC No. A-97-CR-4-3-SS
--------------------

Before KING, Chief Judge, and BARKSDALE and STEWART, Circuit
Judges.

PER CURIAM:[*]

Louis Zeno Lawrence, federal prisoner # 45605-080, appeals

his resentencing pursuant to a 28 U.S.C. § 2255 motion for his

federal convictions for possessing marijuana with intent to

distribute and for conspiring to commit money laundering.  He had

originally received concurrent sentences of 292 months'

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

imprisonment and 240 months' imprisonment respectively.  In response to Lawrence's 28 U.S.C. § 2255 motion, the district court concluded that Apprendi v. New Jersey, 530 U.S. 266 (2000), applied retroactively to cases on collateral review and imposed consecutive sentences of 52 months' imprisonment and 240 months' imprisonment, respectively.  Lawrence's notice of appeal was timely filed in a civil action.  See FED. R. APP. P. 4(a)(1)(B); Rule 11 of the Rules Governing § 2255 Proceedings; United States v. Rodriguez, 114 F.3d 46, 47-48 (5th Cir. 1997).

This court granted a certificate of appealability (COA) on the question whether Lawrence was entitled to be present at his resentencing.  While this case was pending on appeal, this court ruled that Apprendi does not apply retroactively to cases on collateral review.  See United States v. Brown, 305 F.3d 304, 306 (5th Cir. 2002).  This court must apply Brown, as it is the law in effect at the time of our decision.  See Griffith v. Kentucky, 479 U.S. 314, 328 (1987); Bradley v. School Board of City of Richmond, 416 U.S. 696, 711 (1974).  The district court, which was acting without the benefit of Brown, did not have the authority to correct Lawrence's sentence pursuant to Apprendi.  Because Lawrence's sentence never should have been corrected, the issue upon which COA was granted is moot.  The judgment of the district court is VACATED and the case is REMANDED for imposition of the original sentence.