**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 23, 2004**

**Charles R. Fulbruge III**
**Clerk**

In the United States Court of Appeals

For the Fifth Circuit

_____

No. 03-40160
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM HENRY HARRISON,
also known as Wayne Green,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CR-2-1

_____

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

William Henry Harrison appeals his conviction and sentence for

conspiracy to possess with intent to distribute cocaine and

marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846. He argues

that 1) the district court erred in denying his motion to suppress

evidence, 2) the indictment was insufficient and the evidence

introduced at trial was insufficient, 3) the district court lacked

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction, 4) the district court abused its discretion in ordering that he be committed for a mental competency evaluation pursuant to 18 U.S.C. § 4241, 5) the district court erred in denying his motion to dismiss the indictment for a speedy trial violation, 6) the district court erred in denying his post-conviction motions, and 7) the sentence was erroneous.

The district court did not err in denying Harrison's motion to suppress evidence. The vehicle in which Harrison was a passenger was stopped after he was observed riding without a seat belt in violation of state law, and the scope and duration of the stop were reasonably related to the circumstances that justified it. Furthermore, the search of the vehicle that ultimately revealed the presence of illegal drugs was made pursuant to the arresting officer's receipt of Harrison's voluntary consent.[1]

Harrison's indictment was sufficient. It alleged each essential element of both conspiracy under 21 U.S.C. § 846 and possession of a controlled substance with intent to distribute under 21 U.S.C. § 841(a)(1) so as to enable Harrison to prepare his defense and invoke the double jeopardy clause in any subsequent proceeding.[2] The indictment conformed, at the very least, to

---

[1]*See United States v. Brigham*, No. 02-40719, 2004 WL 1854552 at *4-*6 (5th Cir. 2004) (No. 02-40719)(en banc); *United States v. Shabazz*, 993 F.2d 431, 435-39 (5th Cir. 1993).

[2]*See United States v. Threadgill*, 172 F.3d 357, 373 (5th Cir. 1999).

minimal constitutional standards.

The evidence presented at trial was sufficient to support Harrison's convictions on both counts of the indictment. The prosecution presented Harrison's own statement that he had agreed to drive a car from Philadelphia to Houston and back in exchange for a large sum of money. In addition, the jury could infer Harrison's involvement in a conspiracy based upon the substantial circumstantial evidence of his participation therein presented at trial.[3] Furthermore, the verdict was supported by evidence as to the amount of drugs found in Harrison's possession, and his knowledge of the presence of drugs in his vehicle. Viewing the evidence in the light most favorable to the Government, a rational trier of fact could have found the essential elements of the crimes charged beyond a reasonable doubt.[4]

Harrison's arguments that the district court lacked jurisdiction are frivolous.[5] Likewise, his contentions that the

---

[3]*United States v. Paul*, 142 F.3d 836, 840 (5th Cir. 1998) ("[A]n agreement may be inferred from a concert of action, voluntary participation may be inferred from a collocation of circumstances, and knowledge may be inferred from the surrounding circumstances.").

[4]*See United States v. Romero-Cruz*, 201 F.3d 374, 376 (5th Cir. 2000); *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979).

[5]*See* 18 U.S.C. § 3231 ("The district courts of the United States shall have jurisdiction, exclusive of the Courts of the States, of all offenses against the laws of the United States."); *United States v. Madkins*, 14 F.3d 277, 279 (5th Cir. 1994) (argument that federal courts do not have jurisdiction over crimes committed in sovereign state of Texas is frivolous).

3

district court abused its discretion in ordering that he be committed for further mental evaluation pursuant to 18 U.S.C. § 4241(d) are without merit.[6]

The district court did not err in denying Harrison's motion to dismiss the indictment under the Speedy Trial Act. The Act provides that a defendant must be tried within 70 days from the filing of indictment or date he appears, whichever occurs last.[7] However, the Act excludes from this 70-day period any period of delay resulting from, *inter alia*, examinations to determine the mental competency of the defendant.[8] Harrison was indicted on January 5, 1999. Beginning on January 7, 1999, Harrison underwent multiple evaluations in an effort to establish his competency to stand trial. He was finally adjudicated competent on April 16, 2002, and was tried on June 3, 2002. By properly excluding the lengthy period during which Harrison was subject to mental competency evaluations, the district court correctly found that the 70-day requirement of the Speedy Trial Act was satisfied.

Harrison's contention that the district court erred in denying his numerous post-conviction motions is likewise without merit. Harrison's arguments on this score are largely cumulative, with the

---

[6]*See United States v. Crosby*, 713 F.2d 1066, 1078 (5th Cir. 1983) ("[I]t is clear that an order for a second psychiatric examination is a matter wholly within the discretion of the trial court.").

[7]18 U.S.C. § 3161(c)(1).

[8]Id. § 3161(h)(1)(A).

exception of his claim that the drugs seized from his vehicle should not have been admitted at trial because the government failed to produce chain of custody documentation. On this count, Harrison has failed to demonstrate an abuse of discretion on the part of the trial court in admitting this evidence, or any resulting impairment of his substantial rights.[9]

Finally, the district court properly applied the United States Sentencing Guidelines in formulating Harrison's sentence. The court did not err in finding that Harrison willfully obstructed justice by feigning incompetence in order to avoid trial.[10] In addition, the court correctly included three criminal history points in Harrison's score for his 1981 conviction for criminal possession of a forged instrument when the resulting incarceration extended into the fifteen year period preceding the instant offense.

In addition to raising the seven points of error discussed above, Harrison has filed a motion to file a reply brief in excess pages, arguing that he needs an additional space to fully address

---

[9]*See United States v. Dixon*, 132 F.3d 192, 197 (5th Cir. 1997) (a break in the chain of custody affects the weight of the evidence rather than the admissibility of the evidence); *United States v. Haese*, 162 F.3d 359, 364 (5th Cir. 1998) (district court's evidentiary rulings are reviewed for abuse of discretion and reversed only if a party's substantial rights are affected).

[10]*See United States v. Greer*, 158 F.3d 228, 239 (5th Cir. 1998) (feigning incompetency may constitute waste of judicial resources and obstruction of justice for purpose of two-level increase in offense level under sentencing guidelines).

sentencing issues raised by *Blakely v. Washington*.[11]  Because this court has held that *Blakely* does not apply to the United States Sentencing Guidelines,[12] Harrison's motion to file a reply brief in excess pages is DENIED AS UNNECESSARY.  Finally, Harrison has filed a motion for reconsideration of the denial of his motion for release pending appeal.  This motion is DENIED.

The judgment of the district court is AFFIRMED, and appellant's motions are DENIED.

---

[11]124 S.Ct. 2531 (2004).

[12]*United States v. Pineiro*, 377 F.3d 464, 465 (5th Cir. 2004).