United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-40163
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD WAYNE ABNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1250-1

_____

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:[*]

Ronald Wayne Abney challenges his sentence for transportation of an illegal alien. Although he plead guilty and admitted the facts underlying his sentence enhancement, he claims that his sentence was imposed in violation of *United States v. Booker*.[1] We affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] --- U.S. ----, 125 S. Ct. 738 (2005).

Ronald Wayne Abney plead guilty to one count of transportation of an illegal alien in violation of 8 U.S.C. § 1324. At his re-arraignment, Abney conceded that he had driven a tractor-trailer through Laredo, Texas, in August with seven illegal aliens in the back of the trailer. Based on this admission, the district court enhanced Abney's offense level by three on grounds that his conduct "intentionally or recklessly creat[ed] a substantial risk of death or serious bodily injury to another person."[2] The court then sentenced him to eighteen months' imprisonment to be followed by three years' supervised release.

We affirmed in an unpublished opinion. The Supreme Court denied Abney's petition for writ of certiorari, but after *Blakely v. Washington*[3] granted a timely motion for rehearing vacating our judgment and remanding for further consideration in light of *Booker*.[4] We ordered supplemental briefing.

II

The Government argues on remand that this appeal is moot as Abney was released from custody on December 12, 2003. Abney urges that an actual controversy still exists because he is subject to supervised release until December 12, 2006. Article III, § 2 of

---

[2] U.S. SENTENCING GUIDELINES MANUAL § 2L1.1(b)(5) (2004).

[3] --- U.S. ----, 124 S. Ct. 2531 (2004).

[4] *See Newsome v. United States*, --- U.S. ----, 125 S. Ct. 1112 (2005) (mem.).

the Constitution requires that a "'case-or-controversy . . . subsist[] through all stages of federal judicial proceedings, trial and appellate.'"[5]  We find that this requirement is met because Abney is still subject to supervised release, a part of his total sentence.[6]

Turning to the merits, Abney concedes that he failed to raise a *Blakely* or *Booker*-type objection in the district court.  Thus, our review is for plain error only.  "We find plain error when: (1) there was an error; (2) the error was clear and obvious; and (3) the error affected the defendant's substantial rights."[7]  If all three conditions are met we have discretion to correct the error; however, we "ordinarily will *not* do so unless it affects the fairness, integrity, or public reputation of judicial proceedings."[8]

Assuming that the first two prongs of the plain error test are

---

[5] *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999) (quoting *Spender v. Kemna*,523 U.S. 1, 7 (1998) (citation and internal quotation marks omitted)).

[6] *See* 18 U.S.C. § 3583(a) ("The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment. . . ."); *United States v. Gonzalez*, 250 F.3d 923, 928 (5th Cir. 2001)("[S]upervised release, while a form of post-imprisonment supervision, is still considered to be a component of the defendant's total sentence."); *United States v. Benbrook*, 119 F.3d 338, 341 n.10 (5th Cir. 1997) ("A period of supervised release is part of the defendant's sentence.").

[7] *United States v. Infante*, --- F.3d ----, 2005 WL 639619, at *13 (5th Cir. March 21, 2005) (citing *United States v. Olano*, 507 U.S. 725, 732-37 (1993)).

[8] *United States v. Castillo*, 386 F.3d 632, 636 (5th Cir. 2004); *see Olano*, 507 U.S. at 732.

satisfied here,[9] Abney has failed to demonstrate that his substantial rights were affected. In *United States v. Mares*, we found that in order to satisfy the third prong of the plain error test, the proponent of the error must demonstrate that his sentence "would have likely been different had the judge been sentencing under the *Booker* advisory regime rather then the pre-*Booker* mandatory regime."[10] Abney points to the district court's decision to sentence him to eighteen months' imprisonment, at the bottom end of his guidelines range. The Government replies that the district court recognized its ability to depart below the guideline range, as Abney requested, but declined to do so. Absent additional evidence, we cannot say that the trial court would have imposed a different sentence had the Guidelines been advisory.

AFFIRMED.

---

[9] *See United States v. Mares*, --- F.3d ----, 2005 WL 503715, at *8 (5th Cir. March 4, 2005). The Government argues that the trial court did not commit *Booker* error because Abney admitted all of the facts necessary to apply the endangerment enhancement. *See Booker*, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be *admitted* by the defendant or proved to a jury beyond a reasonable doubt."); *United States v. Holmes*, --- F.3d ----, 2005 WL 768942, at *17 (April 6, 2005) (finding no *Booker* error for purposes of sentence enhancement for committing an offense involving an elected official when the defendant admits at trial that person involved in offense was an elected official). This argument raises the question of whether Abney admitted to his mens rea when he admitted that he transported aliens in a manner that may be considered dangerous. *See Apprendi v. New Jersey*, 530 U.S. 466, 493 (2000) ("The defendant's intent in committing a crime is perhaps as close as one might hope to come to a core criminal offense 'element.'"). Because Abney cannot prevail regardless of our finding on this point, we decline to address this question directly. *See United States v. Solis*, 299 F.3d 420, 451 (5th Cir. 2002) (assuming plain error and disposing of claim on grounds that any such error was harmless).

[10] *Id.* at *9.

4