United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2007

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40160
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM HENRY HARRISON, also known as Wayne Green,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CR-2-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY and HIGGINBOTHAM, Circuit Judges.[*]

PER CURIAM:[**]

This court affirmed the conviction and sentence of William Henry Harrison. The Supreme Court vacated and remanded for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). We requested and received supplemental briefs addressing the impact of Booker.

_____

[*] This order is being entered by a quorum of this court pursuant to 28 U.S.C. § 46(d).

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In the district court and on appeal, Harrison challenged on Sixth Amendment grounds the district court's enhancement of his sentence. In his supplemental brief, Harrison challenges his sentences and his convictions on both counts on Sixth Amendment grounds in the light of Blakely v. Washington, 542 U.S. 296 (2004), Apprendi v. New Jersey, 530 U.S. 466 (2000), and Booker.

In Booker, the Supreme Court applied the Sixth Amendment holdings in Blakely and Apprendi to the Federal Sentencing Guidelines. Specifically, the Court held that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 543 U.S. at 244. The Court also excised 18 U.S.C. § 3553(b)(1) of the Sentencing Reform Act, rendering the Federal Sentencing Guidelines effectively advisory. Id. at 258-60.

Because the Supreme Court vacated and remanded this case for further consideration in light of Booker, Harrison's arguments that he was deprived of a fair trial because the Government introduced perjured testimony and withheld favorable evidence are not "within the purview of the mandate of the Supreme Court." See Gradsky v. United States, 376 F.2d 993, 996 (5th Cir. 1967). To the extent that Harrison's supplemental brief challenges the sufficiency of the indictment, the sufficiency of the evidence,

and the jury's verdict, these issues too are beyond the scope of the Booker remand.  See id.

Harrison preserved his Sixth Amendment challenge in the district court.  See United States v. Olis, 429 F.3d 540, 544 (5th Cir. 2005).  As the Government concedes, the district court committed error under Booker by enhancing Harrison's base offense level by two levels for obstruction of justice under U.S.S.G. § 3C1.1 based on the district court's factual findings.  The Government concedes that it cannot show that the Booker error was harmless.  See United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005).  Where, as here, a Booker error has been preserved in the district court and this court cannot say that the error is harmless, this court "will ordinarily vacate the sentence and remand."  Id. at 284 (internal quotation marks and citation omitted).

Harrison argues that resentencing violates the Double Jeopardy Clause.  The constitutional protection against double jeopardy "prohibits resentencing only when a defendant has developed a legitimate expectation of finality in his original sentence."  United States v. Benbrook, 119 F.3d 338, 340 (5th Cir. 1997).  In challenging his sentence, Harrison has "opened the door for the district court to revisit the entire sentence."  Id.

Harrison argues that the remedial opinion in Booker has no application in his case.  However, we "'must apply . . . both the

Sixth Amendment holding and [the Court's] remedial interpretation of the Sentencing Act-to <u>all</u> cases on direct review.'" <u>United States v. Scroggins</u>, 411 F.3d 572, 576-77 (5th Cir. 2005)(quoting <u>Booker</u>, 543 U.S. at 268) (emphasis added).

Because the enhancement for obstruction of justice is <u>Booker</u> error requiring remand for resentencing, we do not address Harrison's suggestion that his sentence was enhanced based on drug quantity in violation of <u>Booker</u>, but we "leave to the discretion of the district court, whether in its discretion, it will impose the identical sentence with the identical departures or enhancements, or both." <u>United States v. Akpan</u>, 407 F.3d 360, 377 n.62 (5th Cir. 2005).

We VACATE Harrison's sentences on both counts and REMAND in accordance with <u>Booker</u>. We REINSTATE our judgment affirming Harrison's convictions.