**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-40118
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM HENRY HARRISON, also known as Wayne Green,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Texas
USDC No. 6:99-CR-2-1

Before KING, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

William Henry Harrison appeals the sentence imposed by the district court on remand for resentencing following *United States v. Booker*, 543 U. S. 220 (2005). Harrison argues that Judge Charles W. Pickering, who served on the panel of this court that considered his initial appeal, was not properly appointed by the President because the Senate was in session when the President made the recess appointment. *United States v. Harrison*, 108 F. App'x 987, 990 (5th Cir. 2004), *vacated*, 545 U.S. 1137 (2005). Harrison contends that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Judge Pickering's recess appointment did not occur during a recess, the original panel of this court thus was not lawfully constituted, and the subsequent quorum panel lacked the authority to remand for resentencing. Judge Pickering received a recess appointment to this court on January 16, 2004. *Ratliff v. Stewart*, 508 F.3d 225, 228 n.2 (5th Cir. 2007). Contrary to Harrison's argument on appeal, the Senate was in recess on January 16, 2004, when the President appointed Judge Pickering. *See* 149 Cong. Rec. S16214-01, 2003 WL 22900757 (daily ed. Dec. 9, 2003).

Harrison argues that this court otherwise lacked the authority to remand the case to the district court for resentencing, relying on his challenge to the jury's verdict as to the issue of drug quantity, an issue he concedes he previously raised in this court. He contends that "he had already served much more time than the Constitution's Fifth and Sixth Amendment's, and the federal law as interpreted by the Supreme Court, permitted." He further argues that the resentencing violated the Double Jeopardy Clause.

This court's remanding opinion held that to the extent that Harrison's supplemental brief challenged the sufficiency of the indictment, the sufficiency of the evidence, and the jury's verdict, the issues were beyond the scope of the *Booker* remand. *United States v. Harrison*, 237 F. App'x 911, 912 (5th Cir. 2007). This court found meritless Harrison's argument that resentencing violated the Double Jeopardy Clause. *Harrison*, 237 F. App'x at 913. Harrison in essence asks this court to reexamine in this appeal issues previously addressed by this court in its remanding opinion. Harrison's arguments are barred by the law of the case doctrine. *See Fuhrman v. Dretke*, 442 F.3d 893, 896 (5th Cir. 2006).

Harrison argues that the district court failed to give adequate reasons for the sentence imposed on resentencing. Because Harrison raises the argument regarding the district court's explanation of sentence for the first time on appeal, the argument is reviewed for plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009), *petition for cert. filed*, (June 24,

2009) (08-11099). To show plain error, Harrison must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, this court has the discretion to correct the error but will do so only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

At resentencing, after considering Harrison's arguments and those of the Government, the district court stated that it had considered the parties' filings and arguments, the advisory Guidelines, and 18 U.S.C. § 3553(a). The district court stated that it saw no reason to impose a sentence outside of the advisory guidelines range and imposed the 132-month concurrent terms of imprisonment. The court added that it found that the sentence at this level in the guidelines range adequately accounted for the totality of Harrison's conduct "with respect to this offense while meeting the sentencing objectives of punishment and deterrence." The district court's explanation of sentence, while not lengthy, adequately explained the sentence "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

Harrison argues that the district court's imposition of a term of supervised release violated the Double Jeopardy Clause. Sentences imposed following the revocation of supervised release or probation are not "punishment" but rather are part of the penalty for the original conviction. *Johnson v. United States*, 529 U.S. 694, 700 (2000); *United States v. DiFrancesco*, 449 U.S. 117, 137 (1980).

AFFIRMED.