# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 31, 2012

Lyle W. Cayce
Clerk

No. 11-41030
Summary Calendar

GENE IRVING GARLAND,

Petitioner-Appellant

v.

WARDEN KEITH ROY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:08-CV-155

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Gene Irving Garland, federal prisoner # 34620-077, was convicted of one count of securities fraud, 62 counts of mail fraud, 52 counts of promotional money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and five counts of transactional money laundering in violation of 18 U.S.C. § 1957. The judgment of conviction was affirmed on direct appeal.

After filing an unsuccessful 28 U.S.C. § 2255 motion, Garland filed a 28 U.S.C. § 2241 petition arguing that he was entitled to release on all of his

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

money-laundering convictions in light of the Supreme Court's decision in *United States v. Santos*, 553 U.S. 507, 509 (2008). The district court dismissed Garland's petition, finding that he had not met the requirements for challenging his money-laundering convictions under § 2241. We addressed Garland's § 1956 convictions and concluded that, in light of *Santos*, he was entitled to challenge the validity of those convictions via § 2241. *See Garland v. Roy*, 615 F.3d 391, 394-404 (5th Cir. 2010). Accordingly, we reversed the district court's dismissal of Garland's § 2241 petition and remanded the case to the district court "for further proceedings consistent with" our opinion. *Id.* at 404. On remand, the district court vacated all of Garland's § 1956 convictions, stating that the other convictions remained in effect and subject to resentencing. That is the judgment now being appealed.

Garland argues that the district court on remand erroneously limited its consideration of his claims to those pertaining to his convictions under § 1956. He maintains that *Santos* applied with equal force to his convictions under § 1957 and that the district court should have vacated those convictions as well. The district court's interpretation of the scope of our remand order is a legal question of law that we review de novo. *United States v. Lee*, 358 F.3d 315, 320 (5th Cir. 2004). The district court did not err in finding that our prior opinion implicitly rejected Garland's argument that he could use § 2241 to raise his *Santos*-based challenge to the validity of his transactional-money-laundering convictions under § 1957.

Contrary to Garland's assertion, subjecting him to resentencing on the remaining counts of conviction does not give rise to a double jeopardy violation. "A petitioner can attack the validity of his conviction and sentence in a § 2241 petition only if he can meet the requirements of the 'savings clause' of § 2255(e)." *Wilson v. Roy*, 643 F.3d 433, 434-35 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 1062 (2012). Garland's § 2241 petition thus effectively acted as a § 2255 motion. *See Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Garland's offenses had to be

No. 11-41030

grouped for purposes of determining the applicable guidelines sentencing range such that he received one aggregate sentence that accounted for all of his interdependent individual sentences. Once any portion of that aggregate sentence was vacated, the validity of the entire sentence was put at issue. *See United States v. Benbrook*, 119 F.3d 338, 340-41 (5th Cir. 1997).

The judgment of the district court is AFFIRMED. Garland has filed a motion for release on bail pending appeal. That motion is DENIED.