# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-11244
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KENNETH SAULS, also known as Smurf,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:17-CR-129-3

Before DAVIS, STEWART, and HO, Circuit Judges.

PER CURIAM:[*]

Kenneth Sauls appeals his sentence of 70 months in prison on a charge of conspiracy to interfere with commerce by robbery, 18 U.S.C. § 1951(a), following the vacatur of his conviction for using, carrying, or brandishing a firearm in connection with a crime of violence, 18 U.S.C. §§ 924(c)(1)(A)(ii) and 2. According to Sauls, the district court erred by holding a full resentencing on the remaining conviction after vacating the § 924(c) conviction

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

rather than simply amending the judgment to excise the vacated conviction because, under *United States v. Clark*, 816 F.3d 350, 360 (5th Cir. 2016), the sentences on the two counts of conviction were independent.

The Government has filed a motion for summary affirmance or, in the alternative, an extension of time in which to file a brief.  According to the Government, this court's decisions in *United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019), *as revised* (Sept. 30, 2019), and *United States v. Rodriguez*, 114 F.3d 46, 47-48 (5th Cir. 1997), foreclose Sauls's challenge because each holds that, where the vacated conviction has sentencing implications for the remaining convictions, a full resentencing is appropriate.  Because Sauls, relying on *Clark*, does not concede that his issue is foreclosed, we deny the Government's motion for summary affirmance.  *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).  However, because Sauls is not entitled to the relief he seeks, as discussed below, we dispense with further briefing and affirm.

In *Rodriguez*, as in the instant matter, the imposition of a sentence for a firearm offense in conjunction with a sentence for an underlying offense originally prevented consideration of the § 924(c) firearm conduct in calculating the sentence for the underlying offense.  *See Rodriguez*, 114 F.3d at 47 & n.5; U.S.S.G. § 2K2.4, comment. (n.4).  Therefore, the district court did not err in resentencing Rodriguez after the elimination of the limitation on using the § 924(c) conduct to compute the guidelines range for the underlying offense.  *Rodriguez*, 114 F.3d at 47-48.  Similarly, this court in *Reece*, citing *Clark*, concluded that the sentences in that case were interrelated and so required resentencing where the reversal of three of Reece's § 924(c) convictions eliminated the basis for the enhancement of the sentence for the remaining § 924(c) conviction.  *See* 938 F.3d at 632-36.

No. 19-11244

In *Clark*, by contrast, our reversal of the § 924(c) conviction did not implicate Clark's other sentences because Clark faced statutorily mandated life sentences on two of the remaining drug convictions, and the district court had imposed concurrent sentences on all of Clark's remaining non-§ 924(c) convictions. 816 F.3d at 360. Moreover, in *Clark*, we reversed the § 924(c) conviction but specifically and independently affirmed the remaining convictions and sentences. *Id.*

In the instant matter, the sentencing implication for the remaining conviction after eliminating the § 924(c) conviction indicates that the sentences are interrelated as in *Reece* and *Rodriguez* and unlike in *Clark*. Because of the aggregated sentences here, the district court set this matter for resentencing at the same time that the court vacated the § 924(c) conviction and sentence. Sauls fails to show that the district court erred in resentencing him on the remaining conviction of conspiracy to interfere with commerce by robbery. *See Reece*, 938 F.3d at 636*; Clark*, 816 F.3d at 360; *Rodriguez*, 114 F.3d at 47-48.

The judgment of the district court is AFFIRMED. The Government's opposed motion for summary affirmance is DENIED, and its alternative unopposed motion for an extension of time to file its brief is DENIED as unnecessary.