UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10417
No. 97-10436
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LONNIE RAY MOULDER; WALTER STEVEN HEIDEN,

Defendants-Appellants.

**Appeals from the United States District Court
for the Northern District of Texas**

May 18, 1998

Before KING, BARKSDALE, and PARKER, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

Primarily at issue is whether, after a defendant's plea-agreement-based-conviction is vacated on the basis that the conduct supporting the plea is no longer considered criminal, the Government may reinstate charges dismissed previously, pursuant to that plea agreement, when those putative charges pertain to criminal conduct linked with that which supported the agreement. In holding that the Government may do so, we **AFFIRM**.

I.

Lonnie Ray Moulder and Walter Stephen Heiden were arrested in 1994 when methamphetamine was found in their vehicle. A suitcase in the trunk contained a loaded pistol. Each was charged with possession with intent to distribute 100 grams or more of

methamphetamine, in violation of 21 U.S.C. § 841(a)(1); and using and carrying a firearm in connection with a drug offense, in violation of 18 U.S.C. § 924(c).

Later in 1994, both men signed identical plea agreements: each pleaded guilty to the § 924(c) firearm offense; the Government agreed "not [to] pursue any other charges ... arising directly out of the facts and circumstances surrounding this offense or any other offense of which the United States is currently aware"; and neither defendant waived the right to appeal, or to collaterally challenge, his conviction.  Each was sentenced in January 1995 to, *inter alia*, five years in prison.

In March 1996, Moulder and Heiden claimed in 28 U.S.C. § 2255 motions that their convictions were invalid because their conduct did not violate § 924(c)(1), pursuant to **Bailey v. United States**, ___ U.S. ___, 116 S. Ct. 501 (1995) (to support conviction under "use" prong of § 924(c), Government must show defendant actively employed a gun during predicate drug offense).  The magistrate judge determined that neither defendant had "used" a firearm within the meaning of § 924(c); and that, in addition, their conduct probably did not violate the § 924(c) "carry" prong.  Accordingly, he recommended that the convictions be vacated, but concluded that this would not bar prosecution on other charges arising out of the bases for the arrests in 1994.

Agreeing with the recommendation, the district court on 16 October 1996 vacated the § 924(c) convictions.  But, that same day,

Moulder and Heiden were indicted on the drug charges that, under the plea agreement, had not been pursued earlier.

In January 1997, the district court denied motions by Moulder and Heiden to dismiss the reinstated charges. It ruled that the Government had not breached the plea agreements; that Moulder and Heiden had "in effect repudiated" those agreements; and that no prosecutorial vindictiveness or double jeopardy violation had been shown.

Moulder and Heiden conditionally pleaded guilty to the drug charges, reserving the right to appeal the denial of their motions to dismiss. The district court sentenced Moulder to 135 months imprisonment; Heiden, to 121 months.

## II.

In short, the new sentences greatly exceeded the vacated 60-month sentences. The principal issue is whether the drug charge reinstatement violates the plea agreements, by which the Government agreed not to pursue additional charges in return for the § 924(c) plea/convictions. In addition, Heiden claims that the reinstatement constituted prosecutorial vindictiveness.

## A.

"Plea bargain agreements are contractual in nature, and are to be construed accordingly." *Hentz v. Hargett*, 71 F.3d 1169, 1173 (5th Cir.), *cert. denied,* 517 U.S. 1225 (1996); *United States v. Ballis*, 28 F.3d 1399, 1409 (5th Cir. 1994). We review *de novo* a breach-of-plea-agreement-claim. *See United States v. Wittie*, 25 F.3d 250, 262 (5th Cir. 1994), *aff'd*, 515 U.S. 389 (1995). In so

doing, we "determine whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement". *United States v. Valencia*, 985 F.2d 758, 761 (5th Cir. 1993).

"[W]hen [a] defendant repudiates the plea bargain, either by withdrawing the plea or by successfully challenging his conviction on appeal, there is no double jeopardy (or other) obstacle to restoring the relationship between defendant and state as it existed prior to the defunct bargain." *Fransaw v. Lynaugh*, 810 F.2d 518, 524-25 (5th Cir.), *cert. denied,* 483 U.S. 1008 (1987); *see also* *Hardwick v. Doolittle*, 558 F.2d 292, 301 (5th Cir. 1977), *cert. denied,* 434 U.S. 1049 (1978); *Harrington v. United States*, 444 F.2d 1190, 1194 (5th Cir. 1971). Accordingly, Moulder and Heiden assert that they did not "repudiate" their plea agreements by their successful § 2255 motions.

For starters, it is well to remember that, in their plea agreements, Moulder and Heiden did *not* waive their right to appeal, or collaterally attack, their convictions. Nor did they repudiate any *express* terms of the agreement.

In *United States v. Sandoval-Lopez*, 122 F.3d 797 (9th Cir. 1997), as in this case, the defendants were charged with both drug trafficking and violating § 924(c)(1); they pleaded guilty to the latter, with the Government dropping the drug charges. Post-*Bailey,* the defendants' § 2255 motions contended that the conduct supporting their convictions no longer constituted a crime. Although the district court vacated their convictions, it held that the defendants, by successfully challenging them, had breached

their plea agreements; and that the Government was no longer bound by them. Therefore, it reinstated the earlier-dismissed drug charges. *Id.* at 799. But, the Ninth Circuit reversed, holding that the defendants did not breach their agreements, because they were not prohibited from collaterally attacking their sentences; and that, therefore, the Government could not reinstate the drug charges. *Id.* at 802.

Needless to say, Moulder and Heiden contend that the same analysis applies here. Instead, we agree with the more recent holding in *United States v. Bunner*, 134 F.3d 1000 (10th Cir. 1998), *petition for cert. filed*, ___ U.S.L.W. ___ (U.S. Apr. 24, 1998) (No. 97-8828). *Bunner*, which involved facts similar to those in the instant case and in *Sandoval-Lopez*, held that, when a sentence is vacated under § 2255 in the light of *Bailey*, the Government may then reinstate charges it dismissed pursuant to a plea agreement.

The *ratio decidendi* was that the Government's contractual obligations under the agreement were discharged under the frustration of purpose doctrine. *Bunner*, 134 F.3d at 1004. That doctrine provides:

> Where, after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged, unless the language of the circumstances indicate the contrary.

RESTATEMENT (SECOND) OF CONTRACTS § 265 (1981).

The comments to this section provide that "the purpose that is frustrated must have been a principal purpose of that party in

- 5 -

making the contract.... The object must be so completely the basis of the contract that, as both parties understand, *without it the transaction would make little sense*." RESTATEMENT (SECOND) OF CONTRACTS 265 cmt. a (1981) (emphasis added).

"The application of contract law to plea agreements is premised on 'the notion that the negotiated guilty plea represents a bargained-for quid pro quo.'" *United States v. Asset*, 990 F.2d 208, 215 (5th Cir. 1993) (quoting *United States v. Escamilla*, 975 F.2d 568, 570 (9th Cir. 1992)). In this regard, the underlying purpose of the plea agreement in issue was to "avoid the uncertainty of a jury verdict ... [and] to ensure that the [defendants] served time for violating § 924(c)". *Bunner*, 134 F.3d at 1004-05. And, needless to say, "[a] basic assumption underlying the parties' purposes was their belief that the conduct ... pled guilty to amounted to a violation of § 924(c)". *Id.* at 1005.

But, the parties' assumptions and obligations were altered by *Bailey* and the subsequent successful § 2255 challenges. As a result of those events "the underlying purpose of the [plea] agreement [was] frustrated and the basis of the government's bargain [was] destroyed. Thus, under the frustration of purpose doctrine, the government's plea agreement obligations became dischargeable". *Bunner*, 134 F.3d at 1005. Accordingly, it was free to reinstate the drug charges.

### B.

"[A] prosecutor may, without explanation, refile charges against a defendant whose bargained-for guilty plea to a lesser

charge has been withdrawn or overturned on appeal, provided that an increase in the charges is within the limits set by the original indictment." *Hardwick,* 558 F.2d at 301. Nevertheless, Heiden maintains that reinstating the more serious drug charges constituted prosecutorial vindictiveness, violative of due process.

1.

We review a district court's factual findings concerning prosecutorial vindictiveness for clear error and its legal determinations *de novo*. *See* **United States v. Johnson**, 91 F.3d 695, 698 (5th Cir. 1996), *cert. denied,* 117 S. Ct. 752 (1997). In reviewing a prosecutorial vindictiveness claim, "the court must examine the prosecutor's actions in the context of the entire proceedings." **United States v. Krezdorn**, 718 F.2d 1360, 1365 (5th Cir. 1983) (en banc), *cert. denied,* 465 U.S. 1066 (1984). The defendant must prove the claim by a preponderance of the evidence; and, "[i]f any objective event or combination of events ... should indicate to a reasonable minded defendant that the prosecutor's decision to increase the severity of charges was motivated by some purpose other than a vindictive desire to deter or punish appeals, no presumption of vindictiveness is created." *Id.*

The district court held correctly that such vindictiveness was not shown. As **Krezdorn** teaches, it should be clear to a reasonable minded defendant that the dismissal of the § 924(c) conviction in the light of **Bailey** was an event that would certainly motivate the Government to reinstate the dismissed drug charge.

2.

In claiming prosecutorial vindictiveness, Heiden also maintains that, because he did not have counsel during his § 2255 challenge to his § 924(c) conviction, he was not aware of what the consequences might be (reinstatement of the drug charge) should his challenge be successful. He contends that, "had he been represented by counsel, he would have been informed of the risk and could have made an intelligent choice."

Of course, Heiden was not entitled to counsel in his § 2255 matter. *See*, *e.g., Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). In any event, obviously, the fact that he proceeded *pro se* in the § 2255 matter had no bearing on the Government's subsequent decision to reinstate the drug charge.

III.

For the foregoing reasons, the judgments are

***AFFIRMED.***