IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30446
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

THOMAS S. MACKIE, JR.,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-1302-T)
_____

March 30, 1999

Before HIGGINBOTHAM, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Thomas S. Mackie, Jr., federal prisoner #23922-034, seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion. A COA may be issued only if the movant has made a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). We resolve doubts about whether to grant a COA in favor of the movant. See Fuller v. Johnson, 114 F.3d 491, 495 (5th Cir.), cert. denied, 118 S. Ct. 399 (1997).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

FACTS AND PROCEEDINGS

After a jury convicted him of one count of money-laundering (Count 18) of an 18-count indictment, Mackie entered into a plea bargain with the government in which he agreed to plead guilty to four more counts in exchange for the government's agreement to dismiss the remaining counts against him. In the pertinent part of the plea agreement, Mackie waived his right, under 18 U.S.C. § 3742, to appeal his conviction on Count 18 or his sentence on any count. He "also agree[d] not to contest his sentence, or the manner in which it was determined, in any post-conviction proceeding, such as one under 28 U.S.C. § 2255."

Mackie subsequently filed a § 2255 motion, alleging that he was denied effective assistance of counsel at his jury trial on Count 18 and challenging his conviction on Count 18 on the basis of insufficiency of the evidence and fraud on the court by the government. The district court determined that in his plea agreement Mackie waived his right to challenge, in a § 2255 proceeding, everything other than his ineffective assistance of counsel claims.[1] On appeal, Mackie argues that he did not waive his right to challenge his conviction on Count 18 in a § 2255 proceeding and that the district court erred in concluding he did.

---

[1] A defendant can waive his right to attack his conviction in a 28 U.S.C. § 2255 proceeding; however, such a waiver may not always apply if the collateral attack is based on ineffective assistance of counsel. United States v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994).

ANALYSIS

A.   COA

If Mackie is to obtain a COA on the district court's dismissal based on waiver in the plea-agreement —— an issue not of constitutional dimension —— Mackie must first make a credible showing of error by the district court.  See Murphy v. Johnson, 110 F.3d 10, 11 (5th Cir. 1997) (applying COA standard to nonconstitutional issue of exhaustion of state remedies).  Only if Mackie makes such a showing will we consider whether his underlying claim satisfies the COA standard.  Whitehead v. Johnson, 157 F.3d 384, 386 (5th Cir. 1998).

We construe Mackie's plea agreement with the government by applying legal principles governing the interpretation of contracts.  See United States v. Moulder, 141 F.3d 568, 571 (5th Cir. 1998) ("[p]lea agreements are contractual in nature, and are to be construed accordingly"); United States v. Asset, 990 F.2d 208, 215 & n.6 (5th Cir. 1993).  Mackie waived his right to challenge his conviction and sentence on direct appeal; however, as to his right to institute post-conviction collateral challenges, he waived only as to his sentence; there was no mention of his conviction in this regard.  Under the plain language of the agreement and the maxim inclusio unius est exclusio alterius, Mackie did not waive his right to challenge his conviction on Count 18 in a § 2255 proceeding.  The government could have required him to do so, but did not.  Mackie has thus made a credible showing

that the district court erred in concluding that he waived his right to raise all claims regarding his conviction, except for ineffective-assistance-of-counsel, in a § 2255 motion.

Nevertheless, if we were to proceed to the second step of the Murphy test at this juncture, we would be acting prematurely. The district court has not addressed either Mackie's underlying challenges to his conviction or whether review of those issues is otherwise precluded. A prerequisite of appellate jurisdiction is that the district court deny a movant a COA on an issue before that movant may request one from us. See Whitehead, 157 F.3d at 387-88. We therefore grant a COA on the question whether in his plea agreement Mackie waived his right to raise a post-conviction challenge to his conviction on Count 18, which question was indisputably resolved by Mackie's COA application and the record; and we vacate the judgment of the district court denying COA on grounds of waiver and remand to that court to consider the substance of Mackie's habeas claims, see id. at 388, except for his claim of ineffective assistance of counsel, which we now proceed to discuss.

B.    Ineffective Assistance of Counsel

Mackie also contends that he was denied effective assistance of counsel. He bases this claim on trial counsel's failure to argue for a jury instruction on entrapment during the trial on Count 18.[2] Mackie makes no attempt to show, however, that there

_____

[2] Mackie does not raise on appeal any of his other allegations of ineffective assistance of counsel. Accordingly, these issues have been waived on appeal. See Brinkmann v. Dallas

4

was "sufficient evidence from which a reasonable jury could find entrapment."  See United States v. Bradfield, 113 F.3d 515, 520-21 (5th Cir. 1997); Mathews v. United States, 485 U.S. 58, 62 (1988). Neither has he demonstrated that counsel's tactics — to finesse an entrapment defense and focus instead on the absence of proof of the elements of the offense — was outside the realm of reasonable trial strategy.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); Bridge v. Lynaugh, 838 F.2d 770, 773 (5th Cir. 1988) (in evaluating ineffective-assistance claims, we indulge in "a strong presumption" that counsel's representation fell "within the wide range of reasonable professional competence, or that, under the circumstances, the challenged action `might be considered sound trial strategy.'").  As Mackie has failed to make a substantial showing of the denial of a constitutional right regarding his ineffective assistance of counsel claim, we deny a COA on this issue.  See § 2253(c)(2).

COA DENIED IN PART AND GRANTED IN PART; JUDGMENT VACATED AND CASE REMANDED.

---

County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (issues which are not briefed are waived).