IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41372
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDUARDO PAYAN,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-97-CR-221-S1
- - - - - - - - - - -
May 28, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Eduardo Payan appeals his convictions of seven counts of theft by a government employee of property in the care and custody of the United States. Payan contends that the instant prosecution is precluded by the terms of a plea agreement he entered in 1994. This prior agreement, he contends, could reasonably be understood as proscribing his prosecution for all acts of embezzlement occurring between September 1992 and July 1993.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"'Plea bargain agreements are contractual in nature, and are to be construed accordingly.'"  Hentz v. Hargett, 71 F.3d 1169, 1173 (5th Cir. 1996) (citation omitted).  Whether the Government's actions have breached the terms of a plea agreement is a question of law that is reviewed de novo.  See United States v. Wittie, 25 F.3d 250, 262 (5th Cir. 1994), aff'd, 515 U.S. 389 (1995).  In making this determination, the court considers "'whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement.'"  United States v. Moulder, 141 F.3d 568, 571 (5th Cir. 1998) (citation omitted).

Payan's understanding of the 1994 plea agreement finds no purchase in the agreement's unambiguous terms.  The Government's promise not to prosecute him for other offenses arising from the conduct charged in the 1994 indictment was merely an assurance that the Government would not reindict him for the three counts of the 1994 indictment that were dismissed pursuant to the plea agreement.  Because jeopardy never attached with respect to these charges, such an assurance was appropriate.  See United States v. Mann, 61 F.3d 326, 330 (5th Cir. 1995).

This conclusion is not undermined by the stipulations contained in the plea agreement that the Government had no evidence linking Payan to other monies which may have been stolen from the detention center where he was a supervisor.  These stipulations addressed the possibility that the district court might rely on the dismissed charges in calculating Payan's sentence.  See United States v. Levario-Quiroz, 161 F.3d 903, 906

(5th Cir. 1998); U.S.S.G. § 1B1.3. Moreover, the Government's stipulations concerning the lack of evidence did not preclude it from further investigation, which could reveal provable criminal conduct.

Equally unavailing is Payan's argument that to read the plea agreement as permitting the instant prosecution would be to frustrate the very purpose of that agreement. A broad grant of immunity for all of Payan's acts of embezzlement was not a principal purpose of the plea agreement the absence of which would render the agreement meaningless. See Moulder, 141 F.3d at 571. Accordingly, Payan's convictions are

AFFIRMED.