# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00224-CV

**Suran Wije, Appellant**

**v.**

**The Home Service Store, Inc., Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. 268579, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Suran Wije brings this *pro se* appeal challenging the trial court's judgment denying his claims and awarding attorney's fees to the Home Service Store (HSS). Construing Wije's appellate briefs liberally, we find no error.[1] We affirm the judgment.

## BACKGROUND

HSS is a business that serves as an intermediary between home repair contractors and consumers. HSS refers contractors to consumers, accepts payment on behalf of contractors, and

---

[1] Although we liberally construe *pro se* pleadings, *pro se* litigants are not exempt from applicable laws and rules of procedure. *See Shull v. United Parcel Serv.*, 4 S.W.3d 46, 52-53 (Tex. App.—San Antonio 1999, pet. denied).

provides a limited warranty for the work done.  Wije contacted HSS, who referred a contractor, Ricardo Vera, to remodel a bathroom in Wije's condominium.  HSS provided a form contract that was signed by Vera and Wije.  The contract detailed the work to be done, specified that Wije would provide necessary materials costing $1,270.74 and that the contractor would receive payment for labor in the amount of $1,500.[2]  The contract also included a page of language explaining HSS's limited role as a referral and billing service and discussing the warranty policy.

The details of the warranty policy are stated in the following paragraphs:

> **By making all payments through HSS**, the Member is provided additional leverage in the event defective work is performed.  If the Member notifies HSS within two days of the completion date of the work that the work is defective, the Referred Contractor will be expected to fulfill their guarantee and make corrective repairs before receiving payment from HSS.  If such notification is made after two days from the completion date but within the warranty period (see below), HSS will still endeavor to secure corrective repairs from the Referred Contractor.  In the event that corrective repairs are not secured from the Referred Contractor, HSS will refer another contractor to perform corrective repairs at a cost to HSS not to exceed the contract price or $1000, whichever is less. . . .
>
> **The Member Protection Plan is voided in the following circumstances:** 1) If payment is made for any service or extra work directly to a Referred Contractor or an employee or subcontractor of the Referred Contractor; 2) a Referred Contractor supplies labor where the Member has supplied material (unless previously authorized by HSS); and 3) any person other than HSS' Referred Contractor makes alterations or adjustments to the work performed by the Referred Contractor.

(Emphasis in original.)

---

[2]  As discussed in Wije's third issue, two copies of this contract appear in the record.  One contains a notation regarding the cost of materials provided by Wije.  This notation appears to have been added to the document after the contract was signed by the parties and the first copy was made.

2

Problems arose soon after work commenced on Wije's bathroom. Vera went on vacation and was not present throughout the project to supervise his employee. The work area was not sealed off prior to cutting into the cement slab, resulting in a layer of dust spread throughout Wije's condominium. At one point a pipe was severed cutting off water to the entire building. Wije asserted that he personally had to supervise some of the work to ensure that it was done correctly. In Vera's absence, his employee apparently demanded direct payment from Wije, threatening to walk off of the project. Wije paid the employee for his services so that the work would continue. Wije informed HSS that he was unsatisfied with the work. After failing to resolve his claim with HSS, Wije filed suit alleging breach of contract, negligence, and violations of the deceptive trade practices act. In his deposition, Wije asserted damages of approximately $2,000,000. Both parties filed motions for summary judgment that were overruled by the trial court. After a bench trial, the trial court granted a take nothing judgment in favor of HSS and awarded HSS's attorney's fees for trial and appeal.

## DISCUSSION

Wije raises four issues on appeal, all with regard to his contract claim. Because Wije did not obtain findings of fact and conclusions of law and has not produced the reporter's record of the bench trial, we presume that the record supports the judgment. *See Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied) ("[W]here there is neither a reporter's record nor findings of fact, the appellate court will assume the

3

trial court heard sufficient evidence to make all the necessary findings needed to support its judgment.").

In his first issue, Wije argues that his direct provision of materials and his direct payment to Vera's employee did not void HSS's warranty because HSS first breached the contract. This contention is best construed as a challenge to the sufficiency of the evidence of an implied finding that Wije's contract with HSS was voided by Wije's conduct. However, in the absence of a reporter's record, we presume that this issue was considered by the trial court and sufficient evidence supported the judgment denying Wije's breach of contract claim.[3] *See Vickery*, 5 S.W.3d at 251. Accordingly, we overrule Wije's first issue.

In Wije's second issue, he asserts that any action of his that voided HSS's warranty should be excused because the purpose of the contract was frustrated and completion of the contract was impossible. In furtherance of this argument, Wije complains that HSS referred an unqualified contractor and failed to provide twenty-four hour emergency service as advertised. These are simply claims that HSS failed to do what it promised under the contract. Wije has made no showing that his purpose in entering the contract, to remodel his bathroom, was somehow frustrated by intervening events or that performance of the contract had become impossible. *See United States v. Moulder*, 141 F.3d 568, 571-72 (5th Cir. 1998) (defining frustration of purpose defense);

---

[3] Wije requested a reporter's record, but apparently was unable to pay for it. A party who can establish his indigence pursuant to rule 20.1 of the rules of appellate procedure is not required to pay for the record. *See* Tex. R. App. P. 20.1. Prior to trial, Wije filed an affidavit asserting his inability to pay court costs, but when his affidavit was contested he withdrew it and paid the pending costs. Without a reporter's record or findings of fact, we are required by precedent to assume there is sufficient evidence in the record to support the trial court's judgment. *See Vickery v. Commission for Lawyer Discipline*, 5 S.W.3d 241, 251 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).

Restatement (Second) of Contracts § 261 (1981) (defining impossibility defense). We overrule Wije's second issue.

In his third issue, Wije complains of spoliation of evidence and a conspiracy to deprive him of counsel. He invites this Court to compare two copies of his contract with Vera that appear in the clerk's record. Although the documents are otherwise identical, one copy has the cost for materials and the sum total for the project written into the section labeled "description of work." However, Wije does not explain the circumstances in which this notation was made or why this difference has any relevance to his case.

Wije points to the following statement made by HSS's counsel in response to an interrogatory as evidence of his allegation of a conspiracy:

> To the extent [HSS] *believes* that the Plaintiff is asking if we have produced to him documents related to Mr. Herlihy, the answer is no. As the Plaintiff has been repeatedly informed, there are no such documents. Mr. Herlihy is an attorney who Plaintiff consulted with concerning representation on this lawsuit. Mr. Spencer is only casually acquainted with Mr. Herlihy. Mr. Wije's assertions that there was in some way some collaboration or conspiracy between Mr. Spencer, Mr. Herlihy and any other attorneys is slanderous and absurd.

This outright denial does not support Wije's claim. We overrule Wije's third issue.

In his fourth and final issue, Wije contends that the terms of the Membership Protection Plan detailed in the contract were unconscionable. However, the determination of whether a contract is unconscionable involves both questions of law and fact and is committed to the trial court. *See Pony Express Courier Corp. v. Morris*, 921 S.W.2d 817, 820 (Tex. App.—San Antonio 1996, no writ). Even if Wije made his unconscionability argument at the trial court, absent

a reporter's record, we presume the evidence supported the judgment. *See Vickery*, 5 S.W.3d at 251. Moreover, we do not comprehend, nor does Wije explain, how finding the terms of the Membership Protection Plan unconscionable would affect his right to the relief sought. Accordingly, we overrule Wije's fourth and final issue.

### CONCLUSION

Having overruled all of Wije's issues, we affirm the judgment.

_____

Bea Ann Smith, Justice

Before Justices B. A. Smith, Patterson and Puryear

Affirmed

Filed:   June 8, 2006

6