**UNITED STATES of America, Plaintiff–Appellee**

v.

**Artemio GUEVARA, Defendant–Appellant.**

**No. 11–50977**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Oct. 3, 2012.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, San Antonio, TX, for Plaintiff–Appellee.

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

Jacques Lawrence De La Mota, De La Mota & Company, Ltd., Del Rio, TX, for Defendant–Appellant.

Before JOLLY, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Artemio Guevara pleaded guilty to one count of possession with intent to distribute more than five kilograms of cocaine. Guevara contends that the Government breached his plea agreement by not moving for a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1. Guevara did not object based on a breach of the plea agreement in the district court and concedes that review is for plain error only. *See Puckett v. United States,* 556 U.S. 129, 135–36, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).

"Plea bargain agreements are contractual in nature, and are to be construed accordingly." *United States v. Moulder,* 141 F.3d 568, 571 (5th Cir.1998) (internal quotation marks and citation omitted). "In determining whether the terms of the plea bargain have been violated, [this] court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." *United States v. Gonzalez,* 309 F.3d 882, 886 (5th Cir.2002).

In exchange for Guevara's guilty plea, the Government agreed not to "contest any recommended findings in the Presentence Report that the applicable guideline offense level be adjusted to reflect Defendant's acceptance of responsibility, as provided by Sentencing Guideline § 3E1.1(a)."

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The agreement further provided that "[i]n the event the Court determines Defendant is entitled to the adjustment and further finds that the base offense before that adjustment is at least level 16 the Government agrees to move for the third level reduction at the time of sentencing based on the defendant's timely agreement to plead guilty."

Because the presentence report (PSR) did not recommend an adjustment for acceptance of responsibility, there was no fulfillment of the condition that would have triggered the Government's obligation not to oppose Guevara's request for a downward adjustment and move for an additional acceptance point. *See United States v. Mejia,* 24 F.3d 239, 1994 WL 243287, *1 (5th Cir. May 19, 1994). Further, Guevara's own objections to the PSR reflect that his understanding of the plea agreement was that the Government would not contest the court's granting of the two initial acceptance points and would only move "for a third level reduction at the time of sentence if the Court grants Defendant's request for a finding of acceptance of responsibility." Accordingly, Guevara's argument on appeal that the Government should have been more "active" in ensuring that he receive his full downward adjustment for acceptance of responsibility is not a reasonable understanding of the agreement. *See Gonzalez,* 309 F.3d at 886. Accordingly, the judgment of the district court is AFFIRMED.