# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 12, 2013

Lyle W. Cayce
Clerk

No. 12-50157
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

WILLIAM JOHN MACKEIL,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-934-2

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:*

William Mackeil pleaded guilty, with a written plea agreement, to conspiracy to transport aliens. 8 U.S.C. § 1324(a)(1)(A)(v)(I), (B)(i). Mackeil contends that the Government breached his plea agreement by not moving for a lower sentence reflecting Mackeil's acceptance of responsibility in the offense. Mackeil did not object based on a breach of the plea agreement in the district court and we review therefore only for plain error. *See Puckett v. United States*, 556 U.S. 129, 135-36 (2009).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"Plea bargain agreements are contractual in nature, and are to be construed accordingly." *United States v. Moulder*, 141 F.3d 568, 571 (5th Cir. 1998) (internal quotation marks and citation omitted). "In determining whether the terms of the plea bargain have been violated, [this] court must determine whether the government's conduct is consistent with the parties' reasonable understanding of the agreement." *United States v. Gonzalez*, 309 F.3d 882, 886 (5th Cir. 2002) (internal quotation marks and citation omitted).

In exchange for Mackeil's guilty plea, the Government agreed "not [to] contest any recommended findings in the Pre-Sentence Report that the applicable guideline offense levels be adjusted to reflect Defendant's acceptance of responsibility, as provided by Sentencing Guideline § 3E1.1(a) & (b)." The agreement further provided that, if the court found that Mackeil was entitled to the adjustment, and also found that his base offense level before the adjustment was at least level 16, the Government agreed "to move for the third level reduction at the time of sentencing based on the defendant's timely agreement to plead guilty[.]"

Because the presentence report did not recommend an adjustment for acceptance of responsibility, there was no fulfillment of the condition that would have triggered the Government's obligation not to oppose a downward adjustment and to move for an additional acceptance point. *See United States v. Mejia*, 24 F.3d 239, 1994 WL 243287, at *1 (5th Cir. May 19, 1994) (unpublished). Mackeil's argument on appeal that the Government had a "duty" to move for a level-reduction for acceptance of responsibility is not a reasonable understanding of the plea agreement. *See Gonzalez*, 309 F.3d at 886.

To the extent Mackeil argues that the district court erred in not granting him a level reduction for acceptance of responsibility because of an unadjudicated misdemeanor charge, the argument is barred by the appeal waiver in his plea agreement.

The judgment of the district court is AFFIRMED.

HAYNES, Circuit Judge, specially concurring:

I concur in the determination that Mackiel is not entitled to relief. However, I disagree with the approach taken by the majority opinion. I would find the relief sought as to Mackiel's sentence of imprisonment moot; he sought no other relief which would, in any event, be considered abandoned by failure to brief it. Thus, I would dismiss the appeal as moot.

Mackiel's appeal is premised on a claim that the Government breached the plea agreement. "If the Government breaches a plea agreement, the defendant may seek one of two remedies: specific performance, requiring resentencing before a different judge; or withdrawal of his guilty plea." *United States v. Harper*, 643 F.3d 135, 139 (5th Cir. 2011). Nowhere in his brief did Mackiel seek a withdrawal of his plea. Instead, he sought a resentencing. Here, the sentence consisted of a term of imprisonment and a term of supervised release. Mackiel has been released from prison and is currently serving his supervised release term. His challenge to his sentence of imprisonment is therefore moot. *United States v. Rosenblum-Alanis*, 483 F.3d 381, 382 (5th Cir. 2007). Although a challenge to his term of supervised release would not be moot, nowhere in his brief does he make such a challenge. If he was intending to do so, then I conclude such a challenge is abandoned for failure to brief it. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Accordingly, I would not reach the merits of his breach of plea agreement argument; I would dismiss as moot, since the only relief he seeks has become moot by passage of time.[1]

---

[1] I cannot understand why Mackiel did not seek to expedite his appeal. At the time the Government's brief was filed, Mackiel was only five days away from being released; thus, by the time this case came to our panel, Mackiel had already been released from prison.