PER CURIAM: *
William Mackeil pleaded guilty, with a written plea agreement, to conspiracy to transport aliens. 8 U.S.C. § 1324(a)(l)(A)(v)(I), (B)(i). Mackeil contends that the Government breached his plea agreement by not moving for a lower sentence reflecting Mackeil’s acceptance of responsibility in the offense. Mackeil did not object based on a breach of the plea agreement in the district court and we review therefore only for plain error. See Puckett v. United States, 556 U.S. 129, 135-36, 129 S.Ct. 1423, 173 L.Ed.2d 266 (2009).
“Plea bargain agreements are contractual in nature, and are to be construed accordingly.” United States v. Moulder, 141 F.3d 568, 571 (5th Cir.1998) (internal quotation marks and citation omitted). “In determining whether the terms of the plea bargain have been violated, [this] court must determine whether the government’s conduct is consistent with the parties’ reasonable understanding of the agreement.” United States v. Gonzalez, 309 F.3d 882, 886 (5th Cir.2002) (internal quotation marks and citation omitted).
In exchange for Mackeil’s guilty plea, the Government agreed “not [to] contest any recommended findings in the Pre-Sentence Report that the applicable guideline offense levels be adjusted to reflect Defendant’s acceptance of responsibility, as provided by Sentencing Guideline § 3El.l(a) & (b).” The agreement further provided that, if the court found that Mackeil was entitled to the adjustment, and also found that his base offense level before the adjustment was at least level 16, the Government agreed “to move for the third level reduction at the time of sentencing based on the defendant’s timely agreement to plead guilty[.]”
Because the presentenee report did not recommend an adjustment for acceptance of responsibility, there was no fulfillment of the condition that would have triggered the Government’s obligation not to oppose a downward adjustment and to move for an additional acceptance point. See United States v. Mejia, 24 F.3d 239, 1994 WL 243287, at *1 (5th Cir. May 19, 1994) (unpublished). Mackeil’s argument on appeal that the Government had a “duty” to move for a level-reduction for acceptance of re *364 sponsibility is not a reasonable understanding of the plea agreement. See Gonzalez, 809 F.3d at 886.
To the extent Mackeil argues that the district court erred in not granting him a level reduction for acceptance of responsibility because of an unadjudicated misdemeanor charge, the argument is barred by the appeal waiver in his plea agreement.
The judgment of the district court is AFFIRMED.

 Pursuant to 5th Cm. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under tire limited circumstances set forth in 5th Cir. R. 47.5.4.