# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40062
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALBERTO ALVAREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:15-CR-732-2

Before KING, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alberto Alvarez appeals his guilty plea conviction for aiding and abetting possession with intent to distribute more than 100 kilograms of marijuana and his sentence of 60 months of imprisonment and four years of supervised release.  He argues that the plea agreement is void due to the Government's breach, lack of consideration, or frustration of purpose and that the factual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

basis is insufficient to support the guilty plea or renders the sentence unconstitutional.

Alvarez's claims of error are reviewed for plain error because he failed to raise them in the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To show plain error, Alvarez must show that the error was clear or obvious and affects his substantial rights. *See id.* If he makes such a showing, this court has the discretion to correct the error but only if it "'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

The Government did not breach the plea agreement because it was not reasonable for Alvarez to have understood that the plea agreement shielded him from the statutory minimum sentence. *See United States v. Pizzolato*, 655 F.3d 403, 409 (5th Cir. 2011). The plea agreement is not clearly or obviously void for lack of consideration as we have never held that consideration is required to support a valid plea agreement. *See Olano*, 507 U.S. at 734. The doctrine of frustration of purpose is inapplicable because Alvarez fails to show that avoiding the statutory minimum sentence was a basic assumption underlying the plea agreement. *See United States v. Moulder*, 141 F.3d 568, 571 (5th Cir. 1998). Alvarez fails to show that the factual basis was clearly or obviously insufficient to support his guilty plea or affected his substantial rights. *See Puckett*, 556 U.S. at 135. He also fails to show that his sentence is clearly or obviously unconstitutional. *See id.*; *Olano*, 507 U.S. at 734.

The judgment of the district court is AFFIRMED.