**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 21-4332**

—————————

UNITED STATES OF AMERICA,

> Plaintiff – Appellee,

> v.

SHELBY SHERROD PETTIES,

> Defendant – Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina at Raleigh.  James C. Dever III, District Judge.  (5:15-cr-00009-D-1)

—————————

Argued:  March 11, 2022                          Decided:  August 1, 2022

—————————

Before MOTZ, HARRIS, and QUATTLEBAUM, Circuit Judges.

—————————

Vacated and remanded with instructions by published opinion.  Judge Harris wrote the opinion, in which Judge Motz and Judge Quattlebaum joined.

—————————

**ARGUED:**  Jennifer Claire Leisten, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Lucy Partain Brown, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  **ON BRIEF:**  G. Alan DuBois, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  G. Norman Acker, III, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Kristine L. Fritz, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

—————————

PAMELA HARRIS, Circuit Judge:

This appeal turns on a plea agreement between the defendant, Shelby Sherrod Petties, and the government. In that agreement, the government promised to dismiss two of the three counts on which Petties had been indicted. In exchange, Petties agreed to plead guilty to the remaining count: committing a crime of violence – kidnapping – while having failed to register as a sex offender. But under the parties' conditional plea agreement, Petties expressly reserved the right to appeal his conviction on the ground that kidnapping is not categorically a crime of violence.

Petties did appeal, and the government conceded that under intervening precedent, he was correct. We therefore vacated the judgment against Petties and remanded to the district court. The district court then entered the decision at issue on appeal: Over Petties's objection, the court allowed the government to proceed against Petties on one of the charges previously dismissed under the plea agreement, for failure to register as a sex offender.

On appeal, Petties challenges that decision and his resulting conviction, arguing that his plea agreement barred the government from pursuing the dismissed charges. We agree. Accordingly, we vacate Petties's conviction and sentence, and remand to the district court with instructions to order his release from federal custody.

## I.

In 2015, a federal grand jury indicted Petties on three counts. Count One charged him with failure to register as a sex offender, in violation of 18 U.S.C. § 2250(a). Counts

2

Two and Three charged him with committing a crime of violence while having failed to register as a sex offender, in violation of 18 U.S.C. § 2250(d).[1] The predicate "crimes of violence" in the latter two counts were two separate kidnappings, each in violation of 18 U.S.C. § 1201.[2] Petties moved to dismiss Counts Two and Three, arguing that they failed to allege violations of § 2250(d) because kidnapping under § 1201 does not categorically qualify as a crime of violence.

After the district court denied that motion, the parties entered into a plea agreement. Petties entered a conditional plea of guilty to Count Two, one of the § 2250(d) counts; that is, he pleaded guilty and waived most of his appellate rights, but expressly reserved the right to appeal the denial of his motion to dismiss on the crime of violence issue. *See* Fed. R. Crim. P. 11(a)(2). In return, the government agreed to dismiss Counts One and Three of the indictment at sentencing and to "not further prosecute [Petties] for conduct constituting the basis for the Indictment." J.A. 364. The district court accepted the plea on those terms and, in January 2017, entered judgment, sentencing Petties to 96 months of imprisonment and ten years of supervised release on Count Two. Pursuant to the plea agreement, Counts One and Three were dismissed.

---

[1] The indictment actually charged Petties with violating § 2250(c), but as the result of an intervening amendment, that provision is now codified at § 2250(d). Like the district court, we will refer to § 2250(d) throughout this opinion.

[2] Petties pleaded guilty in North Carolina state court to first-degree kidnapping and second-degree rape concerning the first incident, and to second-degree kidnapping and assault on a female concerning the second incident. He was given a consolidated sentence of 50 to 120 months.

3

In February 2017, as contemplated by the plea agreement, Petties appealed his conviction on the ground that the district court had erred in denying his motion to dismiss, asking this court to vacate the judgment of conviction and sentence. As in his motion to dismiss, Petties argued that § 1201 kidnapping does not qualify as a crime of violence under either the "force clause" or "residual clause" of 18 U.S.C. § 16, which defines "crime of violence" for purposes of § 2250(d).[3] This court held the case in abeyance pending the Supreme Court's decisions in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), and *United States v. Davis*, 139 S. Ct. 2319 (2019), which invalidated on vagueness grounds the nearly identical residual clauses in 18 U.S.C. § 16(b) and 18 U.S.C. § 924(c)(3)(B), respectively. After *Davis* was decided, we ordered supplemental briefing and scheduled oral argument.

Before its supplemental brief was due, the government moved this court to vacate the district court's judgment and remand the case to the district court. In light of *Dimaya* and *Davis*, the government explained, it was conceding that kidnapping under § 1201 is not a crime of violence, and it followed, it said, that Petties's conviction on Count Two must be vacated.[4] We granted the government's motion, vacating the district court's

---

[3] As defined in 18 U.S.C. § 16, a "crime of violence" is "(a) an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another" or "(b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Courts refer to § 16(a) as the "force clause" or the "elements clause" and to § 16(b) as the "residual clause."

[4] Eight days after the government moved for remand, on August 9, 2019, this court held that § 1201 kidnapping is not a crime of violence under 18 U.S.C. § 924(c)(3). *United States v. Walker*, 934 F.3d 375 (4th Cir. 2019).

judgment and remanding for further proceedings. Order, *United States v. Petties*, No. 17-4071 (4th Cir. Aug. 14, 2019), ECF No. 79.

On remand, Petties moved for immediate release from custody. There was no legal basis for his continued detention, Petties argued, because his judgment of conviction had been vacated and the plea agreement barred the government from pursuing the counts it had agreed to dismiss. The government took a different view, arguing that it had been relieved of its obligations under the plea agreement once Petties's Count Two conviction and the district court judgment were vacated. It also believed that Petties's guilty plea to Count Two's § 2250(d) charge – committing a crime of violence while having failed to register as a sex offender – encompassed a still-valid plea to the lesser included offense of failing to register in violation of § 2250(a), as originally charged in Count One of the indictment. In the alternative, the government filed a conditional motion to reinstate Count One in accordance with 18 U.S.C. § 3296, which permits reinstatement of counts dismissed pursuant to a plea agreement where "the guilty plea was subsequently vacated on the motion of the defendant."

The district court denied Petties's motion for release. Order, *United States v. Petties*, No. 5:15-CR-9-D (E.D.N.C. Feb. 24, 2020), ECF No. 100; J.A. 238–59. The court began by explaining where the proceedings thus far had left things. By vacating its original judgment, the court explained, the Fourth Circuit had "reinstated the indictment and reset the case." J.A. 244. The two § 2250(d) counts – Counts Two and Three – were no longer viable for lack of a predicate crime of violence, but, as the government had suggested, each could be "narrowed" to a lesser included offense of failure to register under § 2250(a), as

5

also charged in Count One. So the upshot was three pending counts, each of which now charged the same § 2250(a) violation previously dismissed in Count One.[5]

The court then turned to the key question in this case: whether the parties' plea agreement allowed the government to prosecute Petties on previously dismissed charges if his Count Two conviction was vacated on appeal. The district court concluded that the plea agreement did not bar such a prosecution, mostly because it did not say so expressly. And in any event, the district court reasoned, the government no longer was bound by the agreement, because Petties had repudiated it when he moved for release instead of pleading guilty to Count Two, as promised – except that now, Petties was obliged to plead to Count Two's lesser included offense of failure to register. Finally, in the alternative, the court granted the government's motion to reinstate Count One pursuant to § 3296.

To preserve his ability to appeal, Petties pleaded not guilty to all three counts of failure to register and proceeded to a bench trial where he declined to present a defense. The district court found him guilty on all counts but dismissed Counts Two and Three as multiplicitous. The end result was a conviction on Count One for failure to register under

---

[5] In setting the table this way, the district court took the government's side of a dispute as to the effect of our vacatur of the original judgment. The government argues – and the district court apparently agreed – that by vacating the district court's judgment, we vacated not only Petties's conviction on Count Two but also the dismissal of Counts One and Three, thereby "reinstating" the entire indictment. Petties, in contrast, contends that our order vacated only his conviction and sentence on Count Two – the sole subject of the government's motion to vacate – and did not reinstate the dismissed counts. We may assume without deciding that the government's account is correct, because here, nothing turns on the distinction. The outcome in this case is controlled by the terms of the parties' agreement, and as we explain below, that agreement bars prosecution of Petties on charges originally dismissed in exchange for his guilty plea, "reinstated" or not.

§ 2250(a) – the same Count One charged in the original indictment and then dismissed in exchange for Petties's conditional guilty plea. In June 2021, the court sentenced Petties to 96 months of imprisonment – the same sentence he originally received – and five years of supervised release.

Petties timely appealed the district court's judgment.

## II.

On appeal, Petties contends that the district court erred on remand by allowing the government to prosecute him for charges previously dismissed when he pleaded guilty to Count Two. Contrary to the district court's reading, Petties argues, the plea agreement, which expressly reserves his right to challenge his Count Two conviction, does not allow the government to proceed against him on a dismissed charge if his appeal is successful. Nor, Petties argues, can he be said to have repudiated his end of the bargain; he agreed to plead guilty to Count Two's § 2250(d) crime of violence charge, subject to his right to appeal that conviction, and that is exactly what he did. And finally, Petties maintains, reinstatement of Count One under § 3296 was improper.

We take those arguments in order below. We agree with Petties that his plea agreement foreclosed his prosecution on the previously dismissed failure to register charge, and that he cannot be said to have repudiated that agreement. And the government does not dispute that if Petties's prosecution is barred by the plea agreement, it may not proceed against him by way of reinstatement under § 3296. Accordingly, we vacate Petties's conviction and sentence.

7

## A.

We first consider whether the parties' plea agreement permitted the government to pursue charges dismissed in exchange for Petties's conditional guilty plea in the event that Petties successfully challenged his conviction on appeal. We review the district court's interpretation of the plea agreement de novo, *United States v. Wood*, 378 F.3d 342, 348 (4th Cir. 2004), and conclude that the agreement does not permit such a prosecution.

Plea agreements are "grounded in contract law," and we employ "traditional principles of contract law" as a guide to their interpretation. *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted); *see Wood*, 378 F.3d at 348. But we give plea agreements "greater scrutiny" than we apply to ordinary commercial contracts because of the context: a defendant's waiver of his constitutional right to trial, induced by the government's commitments in the plea agreement. *See Edgell*, 914 F.3d at 287 (quoting *United States v. Warner*, 820 F.3d 678, 683 (4th Cir. 2016)); *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986). As a result, the law governing the interpretation of plea agreements is an "amalgam of constitutional, supervisory, and private [contract] law concerns," which "require holding the Government to a greater degree of responsibility than the defendant" for any "imprecisions or ambiguities" in those agreements. *Harvey*, 791 F.2d at 300; *see United States v. White*, 628 F. App'x 848, 851 (4th Cir. 2015).

Pursuant to the plea agreement at issue here, Petties gave up his right to go to trial and hold the government to its burden of proof. Instead, he agreed to plead guilty to Count Two of the indictment, charging him with a § 2250(d) crime of violence. He did so in exchange for the government's promise to dismiss Count One of the indictment – charging

8

him with failing to register under § 2250(a) – along with Count Three, and to "not further prosecute [him] for conduct constituting the basis" for the indictment as a whole. J.A. 364. We construe that language mindful of the waiver of rights at stake. *See Harvey*, 791 F.2d at 300. And on its face, it seems to provide that so long as Petties lived up to his side of the bargain and entered a guilty plea to Count Two, the government would refrain from any further prosecution for conduct charged in the indictment – including the failure to register offense charged in Count One, on which Petties now stands convicted. *See United States v. Sandoval-Lopez*, 122 F.3d 797, 800–02 (9th Cir. 1997) (applying "standard contract-law principles" to find that government could not prosecute defendants for drug charges dismissed under plea agreement after their gun convictions were vacated on collateral review).

Moreover, the government entered into this agreement with full knowledge that Petties might appeal – and appeal successfully – his conviction on Count Two. To be sure, we will enforce plea agreements even in the face of unanticipated changes in circumstances, on the theory that the parties have assumed the risk of such changes. *See Edgell*, 914 F.3d at 289; *United States v. Archie*, 771 F.3d 217, 222 (4th Cir. 2014). But here, an appeal was not unanticipated. Instead, the possibility of a successful appeal was a contingency expressly contemplated by the parties and their agreement, as reflected in Petties's conditional plea to Count Two and his reservation of the right to appeal on the crime of violence issue. If the government wanted to reserve its right to pursue the failure to register charge should Petties's challenge prove successful, it could have included language to that effect in the agreement – as the government often does. *See, e.g., United*

9

*States v. Sayer*, 748 F.3d 425, 431 & n.4 (1st Cir. 2014) (describing plea agreement in which defendant entered conditional plea to cyberstalking and government expressly "reserved the right" to reinstate and prosecute a dismissed charge if the defendant "successfully challenges his cyberstalking conviction").[6] Or it could have required Petties to plead guilty to Count One – the failure to register charge – along with his conditional plea to Count Two. But it did neither. And as a result, its plea agreement prescribed that if Petties lost his appeal, he would stand convicted on Count Two – but that if he won, the government could not pursue the other charges in the indictment.

That understanding puts us in agreement with the Ninth Circuit in *Sandoval-Lopez*, which enforced against the government a plea agreement promising to dismiss certain drug-trafficking charges in exchange for guilty pleas to related firearm charges. 122 F.3d at 798. After the defendants successfully challenged their firearm convictions in collateral proceedings, the government sought to prosecute them on the dismissed drug-trafficking charges. *Id.* at 799. But the court found that the defendants were "entitled to hold [the government] to its promise with respect to the dismissed drug counts," precluding prosecution on those charges. *Id.* at 800–02. Though those defendants – unlike Petties –

---

[6] *See also, e.g.*, *United States v. Furman*, 112 F.3d 435, 437–38 (10th Cir. 1997) (government "reserv[ed] its rights . . . to reinstitute all of the charges it [was] dismissing pursuant to this agreement in the event defendant's appeal resulted in a remand or dismissal with respect to the count of conviction" (internal quotation marks omitted)); *United States v. Jones*, 541 F. Supp. 3d 325, 330 (S.D.N.Y. 2021) (plea agreement provided that "should the convictions following the defendant's pleas of guilty pursuant to this Agreement be vacated for any reason, then . . . any counts that the Government has agreed to dismiss at sentencing pursuant to this Agreement may be commenced or reinstated against the defendant").

had not made their pleas conditional, the government still was on general notice that changes in the law may render their convictions invalid. It nevertheless "chose to take the pleas on [the gun] counts alone" and "failed to provide for any right" to pursue the dismissed charges should the gun count convictions be vacated, *id.* at 801–02, leaving it with no right to further prosecute the defendants. So too here. The government "never contracted for" the right to prosecute Petties on failure to register charges, *see id.* at 800, and so it may not prosecute him now.

In finding to the contrary, the district court relied primarily on what it saw as the absence of an "immunity-on-remand provision" – that is, a provision stating expressly that Petties could not be prosecuted for failure to register if he succeeded on appeal of his Count Two crime of violence conviction. *See* J.A. 253. But as we have explained, the fairest reading of the agreement is that it does just that: So long as Petties abides by his agreement to plead guilty to Count Two – with an express right to appeal his conviction, and with no further proviso as to the outcome of that appeal – the government promises not to "further prosecute [Petties] for conduct constituting the basis for the Indictment," J.A. 364, which would include the failure to register offense charged in Count One. And even if there were some ambiguity on this point, the burden would be on the government, not on Petties, to clear it up. *See United States v. Barefoot*, 754 F.3d 226, 246 (4th Cir. 2014) (explaining that ambiguities in plea agreement are "construed against the government as its drafter"); *Harvey*, 791 F.2d at 300 (holding government "to a greater degree of responsibility than the defendant" for imprecision in plea agreements).

11

On appeal, the government emphasizes an alternative argument: Even if the plea agreement required it to forgo further prosecution of Petties, the government contends, that obligation was discharged under the "frustration of purpose" doctrine when we vacated Petties's Count Two conviction. That doctrine, a staple of contract law, provides that if "after a contract is made, a party's principal purpose is substantially frustrated without his fault by the occurrence of an event the non-occurrence of which was a basic assumption on which the contract was made, his remaining duties to render performance are discharged." Restatement (Second) of Contracts § 265 (1981). Here, the government argues, the validity of Petties's Count Two conviction was the "basic assumption" of the plea agreement, and the vacatur of that conviction completely defeated the government's purpose in entering into the agreement.

But that cannot be right, because, as described above, the very face of the parties' agreement provides for an appeal of the Count Two conviction: Petties pleaded guilty to Count Two only on the condition that he could challenge the legal validity of that count on appeal. This plea agreement was not made on the "assumption" that Count Two would remain valid; to the contrary, it explicitly contemplated a legal challenge. Perhaps the government underestimated the odds that Petties would prevail on appeal – though recent and pending cases would have made clear that his argument was a substantial one. But "[j]ust as we often enforce plea agreements against criminal defendants even in the face of subsequent, favorable changes in the law, so, too, must we enforce plea agreements that may later prove less advantageous than the government had anticipated." *Edgell*, 914 F.3d at 289 (citation omitted).

12

That Petties's plea was conditioned expressly on a right to appeal distinguishes this case from those on which the government relies, *United States v. Bunner*, 134 F.3d 1000 (10th Cir. 1998), and *United States v. Moulder*, 141 F.3d 568 (5th Cir. 1998). There, the defendants pleaded guilty to using a firearm in connection with a drug offense, in violation of 18 U.S.C. § 924(c), and the government dismissed the remaining charges pursuant to a plea agreement. Years later, the Supreme Court narrowed the type of conduct that constitutes "use" of a firearm, *see Bailey v. United States*, 516 U.S. 137 (1995), *superseded by statute*, Bailey Fix Act, Pub. L. No. 105-386, 112 Stat. 3469, *as recognized in United States v. O'Brien*, 560 U.S. 218 (2010), and the defendants successfully moved to vacate their sentences under 28 U.S.C. § 2255. But because their unconditional plea agreements had not contemplated such challenges, the courts were able to find that they rested on the "basic assumption" that the defendants' conduct in fact violated § 924(c) and that their convictions were valid. *See Bunner*, 134 F.3d at 1005; *Moulder*, 141 F.3d at 572. Here, by contrast, the parties expressly contracted for Petties's right to argue that the conduct to which he pleaded guilty did *not* constitute a violation of § 2250(d), for want of a qualifying "crime of violence" predicate. Even assuming that *Bunner* and *Moulder* were correctly decided – an issue we need not resolve – they would not govern here.

**B.**

We turn next to the district court's alternative finding that Petties repudiated the plea agreement, such that it no longer bound the government. As the district court saw it, though the plea agreement initially remained operative on remand, Petties failed to live up to his end of the bargain when he moved for release instead of honoring his commitment

13

to plead guilty to Count Two – this time by pleading to the lesser included offense of failure to register under § 2250(a). It followed, the court reasoned, that the plea agreement was no longer binding, leaving the government free to prosecute Petties on previously dismissed charges.

We cannot agree. The premise of the district court's conclusion is that by agreeing to plead guilty to Count Two, Petties promised to plead guilty not only to the § 2250(d) crime of violence offense expressly charged, but also to the lesser included offense of failure to register in violation of § 2250(a). That meant, the government argues, that on remand, though the § 2250(d) offense no longer was viable, Petties was required to follow through on his promise to plead guilty to the lesser included offense. But we can find no support, in case law or the terms of the parties' agreement, for the proposition that Petties's agreement to plead guilty to Count Two as charged incorporated a separate promise also to plead guilty to its lesser included offense of failure to register.

What Petties agreed to was that he would "plead guilty to Count Two of the Indictment," J.A. 358, which, in turn, charged him with one offense: a violation of § 2250(d). Nothing in the plea agreement expressly provided that Petties also would plead guilty to § 2250(d)'s lesser included offenses, generally, or to failure to register under § 2250(a), specifically. Instead, there are indications to the contrary: The government agreed to dismiss Count One, which charged failure to register in violation of § 2250(a) – the very lesser included offense the government now says Petties was to plead guilty to – and to "not further prosecute [Petties] for conduct constituting the basis for the Indictment." J.A. 364. It is true, as the government argues, that in pleading guilty to Count Two, Petties

14

admitted to the facts of a failure to register offense, and our point is not that the government's position is entirely unreasonable. But the government did not write its position into the plea agreement, leaving that agreement, at best, ambiguous as to the scope of Petties's promise. And that is fatal to the government's repudiation theory because, as we have explained, any such ambiguity must be construed against the government, as the drafter of an agreement that waives a fundamental constitutional right. *See Barefoot*, 754 F.3d at 246; *Harvey*, 791 F.2d at 300–01.

There is a second and related problem with the government's theory. It is "axiomatic" that a guilty plea must be "knowing, intelligent, and voluntary." *See United States v. Fisher*, 711 F.3d 460, 462, 464 (4th Cir. 2013). But the premise of the government's argument – that a promise to plead guilty to one offense includes separate promises to plead guilty to any lesser included offenses, should the charged offense become legally invalid – appears to be entirely novel; the government has pointed us to no cases endorsing that proposition, and we have found none. So there is no background law that might have alerted Petties (or his counsel) that his promise to plead guilty extended beyond the § 2250(d) offense actually charged in Count Two to the lesser included failure to register offense. Nor, as best we can tell, did anyone inform Petties at his plea colloquy that he was promising to enter a guilty plea to § 2250(a) – notwithstanding the dismissal of that charge in Count One – if he succeeded on appeal. And, as described above, there is no unambiguous provision in his plea agreement to that effect, either. Under those circumstances, we do not think it can be said that Petties knowingly and intelligently agreed to plead guilty to Count Two's lesser included offense.

15

## C.

Finally, we address the district court's decision, in the alternative, to grant the government's conditional motion to reinstate Count One pursuant to 18 U.S.C. § 3296. That statute provides a mechanism for reinstatement of counts dismissed pursuant to a plea agreement where "the guilty plea was subsequently vacated on the motion of the defendant." 18 U.S.C. § 3296(a)(3). Petties argues that on its face, § 3296 is inapplicable: His conviction, not his guilty plea, was vacated; and it was vacated not on his motion but on the government's. The government insists that this is more or less a formality, and that practically speaking, it was Petties who instigated the vacatur, either by appealing his Count Two conviction or – again – by refusing on remand to stand by his promise to plead guilty to Count Two's lesser included offense, an argument we already have addressed.

Neither party cites case law to aid in our analysis of § 3296, and indeed, there appears to be little or no precedent bearing on this question. There are some obvious questions about whether the government's position can be squared with the text of § 3296, or whether, as a matter of common sense, Petties can be understood to have moved to vacate his guilty plea simply by taking the appeal provided for in his plea agreement. But we need not probe those issues here, because, given what we have held already, the parties agree on enough to resolve this case.

At oral argument, the government conceded that if its plea agreement barred it from prosecuting Petties on the previously dismissed charge of failure to register, then it would remain bound by that agreement and could not pursue the charge by way of reinstatement under § 3296. And Petties, for his part, made the correlative concession: that if the plea

16

agreement *did* provide that the government could pursue the dismissed counts, then it would be able to do so whether or not § 3296 applied.  The parties agree, in other words, that § 3296 is neither sufficient (the government) nor necessary (Petties) to allow for prosecution on the dismissed charges after Petties's conviction was vacated on appeal; here, it is the plea agreement itself that controls.  That is enough to dispose of this case, in light of our holding, set out above, that the plea agreement here barred the government from pursuing the failure to register charge on remand.

## III.

For the reasons given above, we vacate Petties's conviction and sentence, and remand to the district court with instructions to order his release from federal custody.

*VACATED AND REMANDED WITH INSTRUCTIONS*

17